# J. H. CHADWICK v. B. C. MEREDITH.

1. In an injunction suit to restrain the sale of lots levied on, but claimed to be exempt as homestead, but which was not the residence of plaintiff, but detached, and which plaintiff did not claim as homestead when adjudged a bankrupt a year or two before the levy, and which had not been set aside as such, a verdict of two hundred and fifty dollars damages held to be excessive.

### ON REHEARING.

2. A *remittitur* of damages held to be excessive after the reversal by Supreme Court does not authorize the appellee to claim an affirmance of the judgment.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

Meredith owned three detached lots in Chappel Hill, bought at different times. On one he resided, on another was his drug store and office, the other at times was cultivated and sometimes in pasture. All were purchased before the present Constitution. Meredith had been adjudged a bankrupt, and designated two of the lots as his homestead, and they were set apart as such to him in the bankrupt proceedings.

Subsequently, Chadwick recovered a judgment against Meredith in the District Court of Washington county, October 18, 1870, on a note given in 1862, and caused execution to be levied upon the out lot, or pasture lot, and on the one with the drug store and office.

Meredith obtained an injunction to restrain the sale, alleging that the property was his homestead, and claiming special damages. Chadwick demurred to the petition and pleaded a general denial. The demurrer was overruled, and upon special issues the jury found that the lots were homestead, and were not worth exceeding $2000 when designated as homestead, and less than $5000 at date of levy, and found $250 damages.

Chadwick's motion for new trial was overruled, and he appealed.

*Breedlove & Ewing*, for appellant, cited 30 Texas, 747; 31 Texas, 691; 12 Texas, 1; 3 Texas, 152; 24 Texas, 31; 35 Texas, 414; 33 Texas, 600.

*J. E. & Seth Shepard*, for appellee, cited 30 Texas, 188, Anderson v. McKay; 24 Texas, 224, Stanley v. Greenwood; 19 Texas, 371, Pryor v. Stone; 17 Texas, 582, Hamilton & Hancock v. Morgan and Wife; 17 Texas, 593, Methery v. Walker; 30 Texas, 608, Bassett v. Messner; 30 Texas, 443, Moore v. Whitis; 32 Texas, 442, Campbell v. Macmanus; Article 12, Section 15, Constitution.

McADOO, J.—This case must necessarily be reversed. The jury returned a verdict for the plaintiff in the court below, in damages against the defendant for the wrongful levy of his execution on a piece of property, which the plaintiff claims to be a part of his homestead.

Let us see how this matter stands. The defendant, Chadwick, recovered a judgment against the plaintiff, Meredith, in October, 1870. Execution was levied on property, not the residence, but detached—property which Meredith did not claim as homestead when adjudged a bankrupt a year or two before, which was not set aside to him as such. Did Chadwick have a right to regard this property as subject to execution? In directing it to be levied upon, was he guilty of such a wrongful act as subjected him to a verdict for $250 damages? We think not.

The judgment of the District Court is reversed and cause remanded.

REVERSED AND REMANDED.

Opinion rendered October 25, 1873.

## ON MOTION TO REFORM.

*Shepard, Searcy & Shepard,* submitted a motion praying the court "to reform the judgment rendered in said cause, in accordance with the opinion given therein, because :

"The court reversed the judgment of the District Court because of error in rendering judgment for damages against appellant; and the appellee now here admits said error and remits to the appellant the entire amount of the same.

"And now because the court has deemed the judgment of the District Court right in the main, and appellee has remitted the judgment for damages in full, he prays that the judgment be so reformed and revised as to show said *remittitur*, and that the judgment below be then affirmed."

This motion was continued, and at the next term submitted.

*Breedlove & Ewing,* insisted—

1. That the cause of reversal was not removed by the *remittitur ;* and—

2. On the merits argued :

But could Meredith in any event set up the $5000 homestead exemption against Chadwick's claim, so as to defeat the collection of his judgment ? Meredith, in his petition for injunction (which is sworn to by him), alleges that that judgment is based upon a promissory note made by Meredith to Chadwick in 1862 (Meredith then owning the property in controversy). Chadwick, in extending the credit, certainly had a right to look to any property of Meredith's (not then exempt) for the security and satisfaction of his claim. And we insist that it was not within the power of the Constitutional Convention to defeat or in any way impair any of the rights or legal

remedies of a creditor; and in support of this position we cite the court to Gunn v. Barry, 15 Wallace, 623; White v. Hart, 13 Wallace, 646; and Von Hoffman v. City of Quincy, 4 Wallace, 535.

Justice Swayne, in delivering the opinion of the court in the first mentioned case, says:

"The legal remedies for the enforcement of a contract which belong to it at the time and place where it is made are a part of its obligation. A State may change them, provided the change involves no impairment of a substantial right. If the provision of the Constitution or the legislative act of a State fall within the category last mentioned, they are to that extent utterly void. They are, for all the purposes of the contract which they impair, as if they had never existed." (15 Wallace, 623.)

MOORE, ASSOCIATE JUSTICE.—The judgment of the District Court of Washington county, from which this appeal is prosecuted, was reversed by the judgment of this court on the twenty-third of October, 1873. It appears from the opinion of the court, delivered by Mr. Justice McAdoo, that it was not deemed necessary to discuss all the questions presented by the record, as the judgment must be reversed for error in the judgment for damages recovered by appellee.

At a subsequent day, prior to the close of the last term of the court, appellee filed a motion in which he admits error in said judgment for damages, and in the language of the motion, "remits to the appellant the entire amount of the same. And now because the court has decreed the judgment of the District Court right in the main, and appellee has remitted the judgment for damages, in full, he prays that the judgment be so reformed and revised as to show said *remittitur*, and that the judgment below be then affirmed."

This motion, which was continued by a special order of

the court to the present term, presents the only matter connected with this case upon which we are called upon to act.

Error in the amount recovered in the District Court may no doubt be cured by a *remittitur* in this court before its judgment has been entered, so as to authorize an affirmance or reformation of the judgment. And in some instances the court has intimated that the judgment would be affirmed upon a *remittitur* being filed. But we know of no rule of practice or precedent which sanctions or authorizes the motion made in this case. There is no intimation in the opinion of the court that the judgment would or should be affirmed, if appellee would release the damages recovered by him in the court below. Nor did we, previous to the announcement of the opinion of the court, propose to release them, but, on the contrary, insisted upon the correctness of the judgment in this as well as other particulars. We are clearly of opinion that it would be altogether improper in such a case to set aside the judgment of the court already rendered, to enable appellee to enter a *remittitur* and get an affirmance, even if the only error in the judgment might be cured thereby. Such an application comes too late after the court has acted upon the record, and the judgment has been reversed and the cause ordered to be remanded.

The opinion of the court reversing the judgment does not, however, warrant the statement in the motion that "the court has deemed the judgment of the District Court right in the main." We cannot say that the court believed or intended to decide that there was no errors in the ruling of the District Court in other particulars, merely from the absence of comment or reference to them in the opinion. Circumstances may be readily imagined which would have induced the reversal of this cause entirely consistent with the conclusion that the judgment would have been reversed upon other grounds if the error commented upon had not existed.

As we fully agree with our predecessors in the judgment rendered by them reversing and remanding the cause, we do not feel called upon by the present motion to renew or comment upon their opinion, or to consider whether the judgment should not have been reversed for other grounds as well as for the one discussed in the opinion.

MOTION REFUSED AND DISMISSED.