## MAYFIELD & CAMPBELL v. W. K. SCHRIER.

(No. 33, Op. Book No. 1, p. 416.)

APPEAL from Karnes County.    Opinion by ECTOR, P. J.

§ 47. Where a judgment of a justice is attacked because of no service had on defendant before its rendition, the presumption is in favor of the correctness of the judgment, and the burden of proof is on the party asserting it to show that there had been no service.

June 29, 1877.    Reversed and remanded.

## A. J. FRY v. LONGSTREET & SEDGWICK.

(No. 178, Op. Book No. 1, p. 417.)

ERROR from Guadalupe County.  Opinion by ECTOR, P. J.

§ 48. *Excessive judgment; remittitur.* Judgment by default was excessive. In the supreme court the attorney for plaintiffs below entered a remitter for the excess. If this had been done in the lower court before defendant had filed his petition and bond for writ of error, the judgment would be affirmed; but as this was not done until defendant had taken steps, onerous in their nature, to correct the error, the defendant should not be taxed with costs in this court. [Chrisman v. Davenport, 21 Tex. 483; Cornelius v. Thompson, 27 Tex. 31; Edmundson v. Yates, 25 Tex. 373; Chadwick v. Meredith, 40 Tex. 380.]

May 31, 1877.    Reversed and rendered.