GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY
v. WILLIAM WESCH.

No. 32.

1. **Witness—Opinion Testimony.**—On trial of a suit for personal injuries against a railway company, the plaintiff, testifying in his own behalf, was asked: "State if you can approximate what expenses you have been at by reason of the accident and injuries received?" The question was objected to, but the objection was overruled, and witness answered, "About $750 or $800." *Held*, error. The plaintiff must have known the items of expense and should have given them.

2. **Remittitur as to Part of Judgment.**—In Chadwick v. Meredith, 40 Texas, 380, it is held, that a remittitur comes too late after the court has acted upon the record, the judgment reversed, and the cause ordered to be remanded. This is the general rule, to which are cases apparently exceptions but not coming within the rule. In Railway v. Trawick, 80 Texas, 275, the verdict found two distinct items; a remittitur as to one item was permitted, and the judgment was

affirmed as to the item about which there was no error. In Railway v. Johnson, 76 Texas, 421, and in other like cases where exemplary damages were found distinct from actual, the appellees were permitted to remit as to exemplary damages, upon which the judgments were affirmed as to actual damages about which there was no error.

3. Same—Case in Judgment.—Verdict for $7500 for personal injuries. On appeal the judgment below was reversed on the ground of the improper admission of the opinion of plaintiff as to his expenses being $750 or $800. In motion for rehearing in Court of Civil Appeals the appellee offered to remit $800, and asked judgment for the balance. *Held*, that as the testimony to the amount of expenses occasioned by the injuries may have impressed the jury as to the extent of the injuries, and thus have increased the general verdict, such remittitur could not be allowed to cure the error of admitting the illegal testimony.

4. Opinion of Witness as to Speed of Railway Train.—A witness on cross-examination (testimony by depositions) was asked: "If in answer to any of the direct interrogatories you have stated anything as to the speed the train was running at the time of the wreck, state how you know, and state particularly what attention you paid to the speed of the train." On motion to suppress, the answer of the witness, that "all were nervous, apprehensive, and the effects and sensations were those of very great speed, and what seemed to me reckless speed," held responsive to the interrogatory, and proper. The witness had stated in answer to direct interrogatories, that "the train was running at forty or fifty miles an hour."

5. Reading Law Books to Jury.—In damage suit against a railway company for personal injuries, counsel for the plaintiff, in his opening address to the jury. stated to the jury that he "would read to them portions of the opinions of the Supreme Court of Texas, for the purpose of showing them that large verdicts had been rendered against railway companies for personal injuries." To this statement, and the proposed reading, the defendant objected, and the objection was sustained. Subsequently counsel claimed the right and was permitted to read *as part of his argument* two opinions of the Supreme Court in cases where $10.000 damages for personal injuries had been allowed, and the judgments affirmed. Objection was made. *Held*, that the action of the trial court in allowing counsel to read the said opinions *as part of his argument* was reverisble error.

ERROR to the Court of Civil Appeals, Third District, in a case on appeal from Guadalupe County.

The opinion gives a sufficient statement.

*Thomas McNeal* and *Upson & Bergstrom*, for appellant and plaintiff in error.—1. The court erred in permitting the plaintiff to read in evidence the following portion of the deposition of plaintiff's witness H. A. Hopkins, viz., "All were nervous and apprehensive, and the effects and sensations were those of very fast speed and what seemed reckless speed," the same being in answer to defendant's cross-interrogatory 3, propounded to said witness, viz., "If in answer to any of the direct interrogatories you have stated anything as to the rate of speed the train was running at the time of the wreck or accident, state how you know, and state particularly what attention, if any, you paid to the speed of the train; and you

will also state what knowledge and experience you have had in learning and ascertaining the speed at which railroad trains run, giving only such facts as are actually within your knowledge;" as said answer was not responsive, mere conclusions, speculative, and not the statement of facts. Ball's Heirs v. Hill, 38 Texas, 237; Lee & Co. v. Stowe & Wilmerding, 57 Texas, 444; Railway v. Huntly, 38 Mich., 539; Best on Prin. of Ev., 494, note 1; 1 Thomp. on Trials, sec. 377; Shelley v. Austin, 74 Texas, 608; Baldridge v. Cartrett, 75 Texas, 628.

2. The court erred in permitting the plaintiff's attorney to ask the plaintiff the following question, to-wit, " State if you can approximate what expense you have been at by reason of the accident and injuries received;" and in permitting the plaintiff to answer as follows, "About $750 or $800," over the objection of defendant's counsel that the same was not the proper manner of proving damages as to expenditures incurred by plaintiff relative to his injuries; and that the same calls for no fact as to any specific or legitimate expenditure, but the conclusions of the witness as to what his estimate might be as to such expenditures. 1 Suth. on Dam., 794; Pat. Ry. Acc. Law, 472, sec. 4; 2 Wood's Ry. Law, 1226, sec. 317.

3. The court erred in permitting counsel for plaintiff, in the opening address to the jury, to read to the jury two opinions of the Supreme Court affirming large judgments for personal injuries. Rule 30, Dist. Ct.; Rev. Stats., arts. 1316, 1317; 1 Thomp. on Trials, sec. 947.

### ON APPLICATION FOR WRIT OF ERROR.

It was error in the Court of Civil Appeals, after reversing and remanding the cause, to permit appellee, on motion for rehearing, to remit $800, and to affirm the judgment below.

1. Appellee not having before the reversal of the judgment offered any remittitur therein, but having taken his chances on the whole case, and this court (of Civil Appeals) having reversed and remanded without the privilege of a remittitur, appellee's motion to remit and affirm the judgment came too late, and should not have been granted. Chadwick v. Meredith, 40 Texas, 383. This character of experimental practice, we submit, is unfair, and should not be allowed.

2. The verdict being an entirety, or one sum only, viz., $7500, without specifying for what the same is given, it is impossible to determine therefrom, or from the record or any rule of law, how much, or if anything, the jury allowed for expenses, or for what the excess of the verdict is. Nunnelly v. Taliaferro, 82 Texas, 286; Thomas v. Womack, 13 Texas, 585; Railway v. Coon, 69 Texas, 730; Railway v. Redeker, 75 Texas, 310; Kaufman & Runge v. Armstrong, 74 Texas, 67.

*Ireland, Burges & Dibrell*, for appellee and defendant in error.—1. We submit that the answer, as far as it goes, is responsive to the question, is not a conclusion of the witness, but a statement of the facts as the witness saw, felt, and knew them, and is in no wise speculative. Railway v. Smith, 22 Ohio St., 277; 10 Am. Rep., 729; Mott v. Railway, 8 Bosw., 345; Baldwin v. Railway, 8 Cent. L. J., 497; Transportation Co. v. Hope, 5 Otto, 299; Railway v. Baily, 11 Ohio St., 333.

2. It was not error in the court to have allowed plaintiff's attorneys to ask plaintiff the question, "State if you can approximate what expense you have been at by reason of the accident and injuries received?" and plaintiff to answer, "about $750 or $800," when the court gave the defendant's attorneys privilege to cross-examine the plaintiff on this subject. The said attorneys could have brought out the items of expenditure, and if they had proven to be such items that were not legitimate expenditures, the jury could have been instructed to that effect. 1 Suth. on Dam., 795; Improvement Co. v. Sassaman, 67 Pa. St., 415.

3. As to what counsel shall or shall not read in argument is left to the discretion of the court below, and this discretion will not be revised unless a palpable abuse of it is made to appear. 1 Suth. on Dam., 795; Improvement Co. v. Sassaman, 67 Pa. St., 415.

*John P. White*, also for appellee.—1. The testimony of the witness Hopkins, which is complained of in this assignment, is admissible. "An inference necessarily involving certain facts may be stated without the facts, the inference being equivalent to a specification of the facts. * * * A fortiori, whenever a condition of things is such that it can not be reproduced and made palpable in the concrete to the jury, or when language is not adequate to such realization, then the witness may describe it by its effect upon his mind, even though such effect be opinion." Especially is this so with reference to mental and psychological conditions. 1 Whart. Ev., 2 ed., secs. 509, 510, 511; Hardy v. Merrill, 56 N. H., 227; 1 Greenl. Ev., 13 ed., sec. 440, and note; Commonwealth v. Sturtevant, 117 Mass., 122; Clifford v. Richardson, 18 Vt., 626; The State v. Fowell, 14 Kans., 105; Stewart v. The State, 19 Ohio St., 302.

2. "Where unliquidated damages result from an injury complicated in its circumstances and difficult of description, a witness acquainted personally with all the facts may be permitted to give his opinion of the total or aggregate loss or value as some evidence of the fact." Improvement Co. v. Sassaman, 67 Pa. St., 415; 1 Suth. on Dam., 795; Kellogg v. Krause, 14 Serg. & Rawle, 137; Forbes v. Caruthers, 3 Yeates, 527; Railway v. Fagan, 72 Texas, 127.

3. Such practice is in the discretion of the trial court, and is no cause for reversal unless strong grounds be shown to believe that it improperly influenced the verdict. Railway v. Lamothe, 76 Texas, 222.

*John P. White*, and *Ireland, Burges & Dibrell*, for defendant in error. In regard to the first supposed error discussed in plaintiff in error's petition for writ of error, as to the right of the defendant to enter the remittitur after the Court of Civil Appeals had reversed the judgment of the lower court, our proposition is that the remittitur was properly entered and allowed.

The court will please remember that this remittitur was not to cure an excessive verdict and judgment, but was sought alone for the purpose of obviating an error occasioned by the admission of illegal testimony. The plaintiff claimed in his petition that he was entitled to recover for the expenses of medical attention, and there can be no doubt about his right to recover such damages, had he proven them by legitimate testimony. Had he proven such damages by legitimate testimony, the verdict would not have been excessive. The rule invoked by plaintiff in error with regard to remittitur in excessive judgment does not apply to the facts of this case. We are not asking that the remittitur be allowed because of an excessive judgment, but for the purpose of correcting an error committed by the admission of illegal testimony in proving a simple item of legitimate damages. The amount of this item of damages was fixed by the allegations in plaintiff's petition at the sum of $500, and it could have been established definitely by legal testimony. The illegal testimony fixes the amount at a sum certainly not beyond $800, and the law fixes the injury at that amount, and certainly can not fix it at any more. So that the defendant in error has brought himself strictly within the rules announced by all of the decisions, both as to the certainty of the amount and the certainty that the law can and should correct the error, as has been done by the Court of Civil Appeals.

The full extent to which injury could possibly have accrued from the admission of this illegal testimony can be ascertained with positive certainty. It could not exceed the outside limit covered by and embraced in the amount of the damages thus attempted to be proved, viz., the sum of $800, and by remitting that sum the injury is certainly cured. Railway v. Redeker, 75 Texas, 213; Railway v. Trawick, 80 Texas, 275.

As matter of practice, our Supreme Court has frequently afforded the opportunity to parties to enter remittiturs, and allow the judgment thus corrected to be rendered for the proper amount. And this has been done where the case was one purely of excessive damages. Railway v. Johnson, 72 Texas, 95; Railway v. Shuford, 72 Texas, 165; Railway v. Mitchell, 72 Texas, 171.

In regard to the case of Chadwick v. Meredith, decided in 40 Texas, 382, the practice of allowing remittiturs has evidently changed, and now it seems that the making and entering remittiturs is rather invited by the higher courts for the purpose of settling litigation, as will be seen from the authorities above cited. Especially see the case of Railway v.

Trawick, 80 Texas, 275, which clearly shows the practice as it now obtains in our highest courts in Texas, with regard to the allowance of remittiturs on motions for rehearing.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover damages for personal injuries alleged to have been received while a passenger on a train of the plaintiff in error. The injuries were inflicted by a derailment, which was claimed to have been caused by the negligence of the company's servants. The plaintiff's collar bone was broken; but his injuries otherwise were slight. He obtained a verdict for $7500, for which the court gave him judgment.

During the progress of the trial the defendant, who was under examination as a witness, was asked by his counsel the following question: " State if you can approximate what expenses you have been at by reason of the accident and injuries received?" The question was objected to on behalf of the defendant, but the court overruled the objection and permitted the witness to answer, "About $750 or $800." The ruling of the court was excepted to, and was assigned as error upon the appeal. The action of the court in permitting the question and answer was clearly erroneous. The plaintiff must have known of what his expenses consisted, and should have been required to state them in detail. His answer to the question as propounded was dependent upon his opinion as to what expenses were legitimately chargeable to his injuries, and was, in effect, a conclusion upon mixed questions of law and fact.

For the error of the trial court in admitting this testimony, the Court of Civil Appeals entered judgment reversing the judgment below and remanding the cause. But in order to cure the error, the attorneys for the appellee filed a remittitur for $800, and prayed the court to set aside its former judgment and to affirm the judgment of the trial court. This was accordingly done. The appellant, who is the plaintiff in error in this court, now complains that the Court of Civil Appeals erred in allowing the remittitur and in affirming the judgment.

We know of no precedent for the court's action except the case of Railway v. Trawick, 80 Texas, 275. In that case the plaintiff sued to recover for the loss of and injury to cattle which had been delivered to the defendant company for shipment. Some of the cattle were permitted to escape from the defendant's pens before the bill of lading was executed; others were injured in transit. In the verdict of the jury the damages for the cattle lost before the bill of lading was signed was assessed separately from the damages to those which occurred in course of transportation. There was a stipulation in the bill of lading that the shipper should bring suit for any damage which might accrue to him for breach of the contract within forty days. This court held, that as to the damage which accrued after the execution of the written contract this stipu-

lation applied; and that since the plaintiff had neither sued within the stipulated time, nor shown any lawful excuse for not doing so, so much of the judgment as gave a recovery for the damage to the cattle in transit was erroneous.

After a judgment reversing the judgment below and remanding the cause, the appellee was permitted to enter a remittitur of so much of the judgment as allowed a recovery of this damage, as shown by the verdict, and the judgment of the lower court was affirmed.

It is to be noted in that case, that though they grew out of the same transaction, the plaintiff's petition embraced two causes of action—the one upon an unwritten and perhaps an implied contract, the other upon a written agreement. The recovery upon each having been distinctly specified in the verdict, there was no good reason for refusing to affirm the judgment as to the one which was not vitiated by error, when the other had been abandoned by the remittitur. Besides, the plaintiff had obtained two verdicts, and it was the second appeal in the case. It was time for the litigation to end.

On the other hand, it is expressly held in Chadwick v. Meredith, 40 Texas, 380, that an application to file a remittitur to cure error " comes too late after the court has acted upon the record, and the judgment has been reversed and the cause ordered to be remanded." We think this the true rule, and that it should only be departed from under exceptional circumstances. In some cases, in which it has very clearly appeared that the error committed by the court below affected some definite amount of the judgment only, this court has delivered its opinion suggesting a remittitur, and has held up its judgment, in order to give the appellee the opportunity to act upon the suggestion. This should never be allowed when the error may have had an influence upon the general verdict.

In the present case, the direct influence of the testimony which was erroneously admitted, was to increase the verdict in an amount not less than $750 nor more than $800 for expenses consequent upon the injuries. But it is by no means certain that it did not have a potent effect in the same direction upon the amount of damages awarded for physical and mental suffering, for loss of time, and permanent incapacity to earn money. Such damages are in their nature indeterminate, and are left largely to the discretion of the jury. There is no measure for determining the extent of the pain or the limit of its compensation; neither is there any rule for determining with any degree of exactness the effect of a broken collar bone upon the sufferer's earning capacity. Therefore a jury might reasonably conclude that the suffering was greater and the injury more serious and more permanent in a case in which the expense consequent thereupon was great, than in one in which it was small. We conclude, therefore, that the remittitur of $800 did not necessarily de-

stroy the effect of admitting the improper testimony, and that it should not have been allowed.

The answer of the witness Hopkins, that "all were nervous and apprehensive, and the effect and sensations were those of very fast speed, and what seemed to me reckless speed," was responsive to the interrogatory and was proper testimony.

There are numerous assignments in appellant's brief upon the charge of the court as given to the jury, and upon the refusal of special charges asked by the appellant; but it is sufficient to say in reference to them, that in our opinion they point out no reversible error.

The appellant also complains of the action of the trial court, as shown by the following bill of exceptions:

"In the argument of this case to the jury, one of plaintiff's attorneys, J. B. Dibrell, in his opening address to the jury, stated to the jury that he would read to them portions of the opinions of the Supreme Court of Texas, for the purpose of showing them that large verdicts had been rendered against railroad companies for personal injuries; to which statement and the reading of the decisions of the Supreme Court to the jury, the defendant, by its attorneys, objected, because the jury should receive the law from the court; and the court sustained the objection as to the purpose as stated by plaintiff's attorney in reading the opinions. And afterwards the plaintiff's attorney, J. B. Dibrell, read the same opinions of the Supreme Court to the jury, in two cases, showing that parties in the court below had recovered $10,000 for personal injuries inflicted by railways, and that the Supreme Court had affirmed the cases, which opinions said attorney claimed the right to read as a part of his argument; to the reading of which opinions of the court to the jury by the said attorney, J. B. Dibrell, the defendant at the time objected, because the jury should receive the law from the court, and because the same was calculated to mislead and prejudice the jury against the defendant; which objections were by the court overruled, to which ruling the defendant, by its attorneys, excepted at the time."

We are at a loss to understand why the court refused to permit counsel to read the opinions upon the first attempt, and then allowed them to be read in the second instance. It was the duty of counsel in his address to the jury to confine himself to the testimony bearing upon the issues of fact presented for their determination. The action of the Supreme Court in affirming a judgment in some case of a like character was a matter as wholly foreign to that discussion as any other fact not in evidence which may have been dragged into the debate. It did not relieve the proceeding of its objectionable tendency to say the opinions were read as part of the argument.

It was the duty of the jury to assess the damages of the plaintiff from the evidence before them, and they should not be influenced by the action

of other juries in giving large verdicts in other cases, or by the action of this court in sustaining such verdicts. The object of reading the opinions to the jury was doubtless to swell the damages; and it was well calculated to have that effect.    We are of opinion that the court erred in its action, and that this error is sufficient to cause a reversal of the judgment.

The other assignments of error question the sufficiency of the evidence to support the verdict.    These involve questions of facts, which we have no power to determine.

For the errors pointed out, the judgment of the Court of Civil Appeals and of the District Court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 22, 1893.