## MILLER et al. v. HOOPER.

### No. 4598.

Court of Civil Appeals of Texas. Amarillo.

May 4, 1936.

Lightfoot & Robertson and Nelson Scurlock, all of Fort Worth, Will R. Saunders, of Amarillo, and E. F. Ritchey, of Miami, for plaintiffs in error.

Peyton Randolph, of Plainview, and Bledsoe, Crenshaw & Dupree, of Lubbock, for defendant in error.

JACKSON, Justice.

The appellee, Robert E. Hooper, instituted this suit in the district court of Cottle county against the appellants Luther F. Miller, Dude Miller, Floyd Miller, and Earl Meek to recover damages he claims to have sustained on account of the negligence of the appellants.

He alleged that the Millers were partners, doing business under the firm name of Miller & Miller Motor Freight Lines, and engaged as a common carrier transporting freight for hire between points in the state of Texas over the Texas highways, and employed Earl Meek as their agent, whose duty it was to drive and operate one of their trucks in the transportation of freight; that on July 5, 1933, the appellee, with two companions, was in his Ford coupé, traveling east on state highway No. 28, and about four miles east of the town of Paducah, overtook a truck belonging to the partnership, operated by Earl Meek, who was driving in the middle of the highway, leaving no room to pass; that J. B. Cardwell, who was driving the Ford coupé, sounded the horn, and the truck moved over to the right side of the road, apparently to allow appellee and his companions to pass; that the driver of the coupé increased his speed in an effort to pass, and had driven up even with the front of the truck when the driver thereof, without warning, suddenly turned the truck to the left, and with great force struck, overturned, and wrecked the coupé, and inflicted personal injuries upon appellee, by reason of which he was damaged in the sum of $20,860. He alleged that Meek, the driver of the truck, was acting within the scope of his authority, and was guilty of several acts of negligence, each and all of which proximately caused his damages; pleaded his personal injuries, hospital and medical bills, and the damage to his coupé.

The Millers answered by general demurrer, special exceptions, general denial, and alleged numerous acts upon the part of appellee and the driver of the coupé which they claimed constituted contributory negligence, and, in a cross-action, sought a recovery against Earl Meek for whatever sum was adjudged against them in behalf of appellee.

Earl Meek limited his pleading to answering the cause of action alleged by appellee, urged general demurrer, general denial, and adopted the answer of his codefendants, Luther, Dude, and Floyd Miller.

On motion of appellee, the case was transferred to the district court of Hale county, and, upon a trial before a jury, a special issue verdict was found in favor of appellee, and, based thereon, judgment was rendered that he recover from the appellants, jointly and severally, damages aggregating the sum of $8,598, and that the Millers have judgment on their cross-action against Earl Meek for a like amount, from which, by writ of error, this appeal is prosecuted.

■■ The appellants assail as erroneous the action of the court in permitting appellee, over their objection, while on the stand in his own behalf, to give the following testimony: "Q. Mr. Hooper, not considering your earnings from your business at all, in what amount has your earning capacity been diminished by reason of your injury in this case? A. Easily $400.-00 a month."

The objections urged to this testimony were that it was irrelevant, immaterial, and purely an opinion and conclusion of the witness which he was not qualified to give.

One of the material questions which it was the province of the jury to ascertain was the amount of damages appellee had suffered because of his diminished earning capacity. The general rule is that a witness, even if he be a litigant, is not permitted to state the amount of damages he has suffered on account of personal injuries, since that is the exact point on which the jury is to pass. 22 C.J. 504, § 598.

If the opinion of a witness is ever admissible to show the amount of damages resulting from diminished earning capacity, the facts on which such opinion is based should be revealed by the witness, but appellee failed to state facts which would qualify him to give such an opinion.

In King v. Roberts et al., 84 S.W.(2d) 718, 721, the Commission of Appeals says: "The trial court erred in permitting King to testify in his own behalf to the legal conclusion that he was damaged in the sum of $750 on account of being refused opportunity to make bail. This was error.

The Court of Civil Appeals [49 S.W.(2d) 991] correctly states that King should state the elements of the damages he has sustained, if any, and not swear to a conclusion that he had been damaged in a lump sum."

In Galveston, H. & S. A. Ry. Co. v. Wesch, 85 Tex. 593, 22 S.W. 957, which was a suit to recover damages for personal injuries, Judge Gaines says: "During the progress of the trial, the defendant, who was under examination as a witness, was asked by his counsel the following question: 'State, if you can approximate, what expenses you have been at by reason of the accident and injuries received.' The question was objected to on behalf of the defendant, but the court overruled the objection, and permitted the witness to answer, 'About $750 or $800.' The ruling of the court was excepted to, and was assigned as error upon the appeal. The action of the court in permitting the question and answer was clearly erroneous. The plaintiff must have known of what his expenses consisted, and should have been required to state them in detail. His answer to the question as propounded was dependent upon his opinion as to what expenses were legitimately chargeable to his injuries, and was, in effect, a conclusion upon mixed questions of law and fact."

In Little Rock, M. R. & T. Ry. v. Haynes, 47 Ark. 497, 1 S.W. 774, 775, in passing upon a personal injury case, the Supreme Court of Arkansas says:

"After detailing the nature and extent of his injuries, and the circumstances under which he was struck, the plaintiff was asked this question: 'Taking into consideration the amount you have expended in attempting to cure yourself of your injuries, the present and prospective condition of your leg, the bodily pain and mental anguish, the time your have lost from your labor, your inability to labor and follow and attend to your business affairs in the future, how much were you damaged by the injury?' Plaintiff answered: '$4,500.' To the question and answer defendant objected, and, his objection being overruled, defendant at the time excepted.

"The impropriety of such a line of examination was pointed out by this court, nearly 40 years ago, in Pierson v. Wallace, 7 Ark. 282. This is one of the few subjects upon which there is absolutely no conflict in the authorities. A witness is never permitted to estimate the amount of damages which a party has sustained by the doing or not doing of a particular act. That is the province of the jury, and a witness cannot be allowed to usurp it. He may state facts showing the extent of the damages, and any other pertinent matters. But the measuring of the amount of damages in dollars and cents is not a fact. It is a matter of opinion or speculation."

See, also, Landrum v. Wells, 7 Tex.Civ. App. 625, 26 S.W. 1001; International & G. N. Ry. Co. v. Fickey, 59 Tex.Civ.App. 133, 125 S.W. 327; Pegues Merc. Co. v. Brown (Tex.Civ.App.) 145 S.W. 280, 281; Williams v. Gardner (Tex.Civ.App.) 215 S.W. 981.

This contention is sustained.

■■■ The appellants urge, by proper assignments, that the evidence was wholly insufficient to enable the jury to form an intelligent judgment relative to the amount of damages appellee sustained on account of his diminished earning capacity, and therefore the court committed error in submitting special issue No. 15, which is as follows: "What sum of money, if paid now in cash, do you find from a preponderance of the evidence will reasonably compensate plaintiff, Robert E. Hooper, for the injuries, if any, he received as a result of said collision in question on or about the 5th day of July, 1933? Answer in dollars and cents," to which the jury responded: "$7,875.00."

"There are several elements of damage to be considered in suits for personal injuries. As to some of them it is practicable to prove the loss sustained with some degree of exactness. * * * In many cases the value of time lost by the plaintiff may also be so proved, while in some such proof cannot be made. * * * This is true also of earning capacity and of injury to it. The law only exacts the kind of proof of which the fact to be proved is susceptible, but it does exact that." Dallas Consol. Elec. St. Ry. Co. v. Motwiller, 101 Tex. 515, 109 S.W. 918, 921.

The appellee testified that he was familiar with the amount he was earning prior to the accident, and that his earning ability had been decreased by his injuries; that he was engaged in the automobile business as a "Direct Dealer"; that his territory covered Hale, where he was located, and four other counties, where he had "Sub Dealers." He estimated that he had

about $10,000 invested in the automobile business, stated that he had kept an accurate set of books, but did not know from memory what he made on the business prior to the accident; that he could take a balance from his books and get a detailed statement of his profits and losses during 1933 prior to the date of the accident; that he would get and furnish such statement during the trial. This he did not do.

He testified also that he was engaged in farming, in which he had invested some $15,000 or $20,000; that he had been permanently and totally incapacitated for about three months, and after six or eight months he had taken charge of his business affairs, but had been compelled to hire help; that he paid himself no regular salary, but drew out of the business what he needed, which averaged around $150 a month. Whether this was out of profits or principal of the investment he did not state. He did not testify as to the value of his personal services nor what he had made before or after the collision. He did not give the number of automobiles he sold directly, through salesmen, or his subdealers, or the expenses or profits connected with such sales. He failed to state the size of his farm, the character of the crops grown, the amount thereof, or whether the farm or automobile business was operated at a profit or loss.

Eliminating the opinion given by appellee that his earning capacity was damaged at least $400 per month, which we have held should have been excluded, the testimony, in our opinion, fails to furnish any data that would enable the jury to reach an intelligent conclusion of the amount of appellee's damages because of his diminished earning capacity. The record discloses that appellee had available better evidence. Certainly he could have shown the amount of his expenses and his profits or losses in his automobile business, the number of acres of land he cultivated, the character of his crops, the amount thereof, and approximately his expenses and receipts in connection therewith; and also the number of men employed before and after his injuries, the work they did, and the amount he paid for their services.

"While evidence of 'profits,' which represent the net gain made from an investment or from the prosecution of some business, is not admissible for the purpose of proving 'earnings,' which is the fruit or reward of labor, the price for services performed, yet such evidence is admissible as tending to show possession of business qualities, from which the value of 'earning capacity' may be deduced." El Paso Elec. Ry. Co. v. Murphy, 49 Tex.Civ.App. 586, 109 S.W. 489, 491 (writ refused). See, also, Galveston, H. & S. A. Ry. Co. v. Harling (Tex.Civ.App.) 208 S.W. 207, affirmed in (Tex.Com.App.) 260 S.W. 1016.

" 'While a large discretion is allowed the jury in fixing damages of such a character, their verdict is not supposed to be a mere conjecture, but an intelligent judgment, based upon proof laid before them of facts from which their conclusion is to be drawn. The plaintiff, in establishing such damages, is not required to prove amount, but is required to prove facts from which the jury can determine the proper amounts. Gulf, C. & S. F. Ry. Co. v. Greenlee, 62 Tex. 344, 351; International & G. N. Ry. Co. v. Simcock, 81 Tex. 503, 17 S.W. 47.' All that the evidence discloses as to the earning capacity of plaintiff is that he was a tomato grower and farmer. Whether he cultivated a fraction of an acre or many acres, or was a tenant farmer, or possessed and cultivated a farm of his own, is not shown, and no circumstances are proven from which the jury could estimate what his earning capacity was before his injury, and therefore they were without any basis upon which to measure the damages caused by the impairment of such capacity." St. Louis S. W. Ry. Co. v. Acker, 44 Tex.Civ. App. 560, 99 S.W. 121, 122.

An exhaustive discussion and a complete collation of the authorities sustaining appellants' proposition are found in South Plains Coaches v. Behringer (Tex.Civ. App.) 32 S.W.(2d) 959, by Chief Justice Hall, and in Texas & Pacific Ry. Co. v. Feagan (Tex.Civ.App.) 80 S.W.(2d) 396, by Justice Bond.

■ Appellants challenge as erroneous special issue No. 14–(k) submitted by the court, which is as follows: "Do you find from a preponderance of the evidence that the plaintiff's present physical incapacity to work, if any he has, is caused solely by physical infirmities disassociated from and in no wise connected with the accident?"

This issue was answered in the negative.

The burden of proof was upon appellee to establish the negative of this issue, that

is, that appellee's physical incapacity was not caused solely by infirmities in no wise connected with the accident, and in failing to so require error was committed. Consolidated Underwriters v. Strahand (Tex.Civ.App.) 82 S.W.(2d) 1058, and authorities cited.

The appellants present as error the action of the trial court in permitting the appellee to introduce, over their objection that it was irrelevant and immaterial, a portion of their abandoned pleading in which they alleged: "By way of further answer and cross-action, * * * these defendants say that it is true that the defendants, the Millers, were partners, operating what is known as the Miller & Miller Motor Freight Lines, and were the owners of the motor truck involved in the collision in question and that on the date of the collision said motor truck was being driven and operated by Earl Meek."

The record shows that this allegation was contained in the original answer of the Millers, which had been superseded by an amended pleading from which said statement had been omitted.

The appellants in this contention overlook the distinction between the allegations of fact contained in pleadings which are held to be conclusive admissions, Lafield et al. v. Maryland Casualty Co., 119 Tex. 466, 33 S.W.(2d) 187, 188; and allegations in pleadings which are held to be admissible in evidence to be considered by the jury.

Answering a certified question, in Houston E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 70 S.W. 531, 537, 97 Am.St.Rep. 877, the Supreme Court holds: "A defendant has the right to plead inconsistent defenses, and where in one part of an answer he denies or otherwise puts in issue a fact, and in another part alleges its existence, the answer cannot be taken to be an admission of such fact. Duncan v. Magette, 25 Tex. 245, 246. Many other rulings of this court affirming this proposition might be cited. But this is true, not because admissions in pleading are not admissible against the party making them, but because a plea, in one part denying a fact, and in another part affirming it, cannot, under our statute, be treated as an admission of the fact. Abandoned pleadings, when offered in evidence, should doubtless be construed in the same way, and not be admitted as conceding a fact both affirmed and denied. But this rule has nothing to do with the admissibility of pleadings in evidence as tending to show a fact which they distinctly allege. If a fact be admitted in the pleadings in which the case is tried, it is, in general, assumed, without other evidence, to be conclusively established for the purposes of the trial. Ogden v. Bosse, 86 Tex. 336, 344, 24 S.W. 798. The same rule cannot be applied to pleadings superseded by amendment, but it does not follow that distinct admissions in them of particular facts cannot be used as evidence against the party who filed them. The admission of a party thus made is admissible against him under the rule of evidence which allows admissions against interest. Of course, they are open to explanation or contradiction like other admissions. It is sometimes the fact that allegations are made by the attorney drawing pleadings upon a misunderstanding of the facts, and not by authority of the party, and this, of course, may be shown. All that appears here as to this is that the superseded answer contained the allegation offered in evidence, and we think that pleadings which have been filed in court in behalf of a party should be prima facie, at least, regarded as authorized by him, and admissible against him, where they admit facts relevant to the issue."

This authority is still the law, and is cited with approval in numerous later cases, and appellants' contention is not tenable.

The other assignments of error are without merit.

The judgment is reversed, and the cause remanded.