TEXAS CENTRAL RAILWAY CO. v. M. A. BROWN ET AL.

Decided April 1, 1905.

**1.—Damage to Land—Joint Ownership—Sale After Injury.**

Where plaintiffs were joint owners of land injured by the negligent construction of a railroad across it, and they sued to recover the damages, the petition alleging, as the fact was, that one of the plaintiffs had sold his interest in the land to the other prior to the suit but subsequent to the injury, the rendition of a verdict and judgment in favor of the plaintiffs (jointly) for the damages caused did not present error of which defendant could complain.

**2.—Same—Sale as Affecting Right of Recovery.**

In case of permanent injury to land the owner may sue for and recover the damages, although he may, subsequent to the injury and prior to the suit, have sold the land to another.

**3.—Same—Measure of Damages—Permanent and Temporary Injury.**

Where the injury to land is of a permanent character, such as results from overflows caused by the construction of a railroad track embankment without sufficient culverts, the entire damages may be recovered at once, and the measure of damages is the depreciation in the value of the property, the difference between its market value immediately before and after the construction of the embankment. Evidence of such market value held improperly excluded in this case.

**4.—Same—Evidence—Subsequent Overflows.**

The injury being permanent in character, it was error to admit evidence of the market value of the land after an overflow which occurred nearly two years subsequent to the construction of the embankment.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

*Martin & George*, for appellant.

*J. E. McCarty* and *J. B. Keith,* for appellees.

SPEER, Associate Justice.—M. A. Brown and T. P. Harris, as joint owners of a lot of land situated in Dublin, Erath County, sued the Texas Central Railroad Company for damages for permanent injury to said land, growing out of the negligent construction of a railroad embankment containing insufficient culverts to accommodate the flow of surface water, by reason of which facts plaintiffs' land had been overflowed, and its value materially lessened. The petition contained an allegation that Brown had sold all his interest in the land to his coplaintiff prior to the suit but subsequent to the injury. The defendant answered by general denial, and specially, that if the property had been overflowed it was caused by the city of Dublin, and by exceptions and other special answers not necessary here to notice. There was a trial before a jury resulting in a verdict in favor of plaintiffs in the sum of $600, upon which judgment was entered, and the defendant has appealed.

The first, second and third assignments are not well taken because, if it were true that appellee Brown, by reason of the sale of the property to his coplaintiff Harris prior to the institution of the suit, is precluded from recovering for the damages to the property while owned by him and his coplaintiff, it would also be true that the grantee may recover all the damages in this action, and the appellant therefore has no just cause of complaint. But we can not agree that appellant presents a correct proposition of law when it urges that by reason of this fact appellee Brown himself can not recover for the permanent injuries done to the realty while owned by him. On the contrary, we think the law is that in such case the party entitled to damages is the one who owned and was in possession of the land when the injury was done, and not a subsequent purchaser. Galveston, H. & S. A. R. R. Co. v. Pfeuffer, 56 Texas, 74; San Antonio & A. P. Ry. Co. v. Ruby, 80 Texas, 172; Allen v. Macon, D. & S. R. Co. (Ga.), 33 S. E. Rep., 696.

By the witness Ables the appellant sought to prove that in 1900, and immediately prior to the erection of said dump and switch, appellees' property was worth $600 or $700, and that as that sum was its reasonable market value at that time, and immediately after the construction of the dump and switch and at all times since, the reasonable market value of the property had not been depreciated. This testimony was excluded upon the objection of appellees, and upon its exclusion appellant assigns error.

From the character of the interrogatories propounded to appellees' witnesses, and from the explanations attached to the bills of exception by the court, when considered in connection with the charge given, it is apparent that the court considered the measure of appellees' damages to be the difference in the market value of their property immediately before and immediately after the floods of 1900 and 1902, which overflowed them. But since the parties have treated appellant's structures as permanent, and the injuries thereby inflicted upon appellees' land as constant, and not merely recurring at long intervals, we think the case is ruled by the principles announced by our Supreme Court

in Rosenthal v. Texas, B. & H. Ry. Co., 79 Texas, 325. It is there said: "The controlling rule in actions for injuries resulting from similar nuisances would seem to be to adopt in each case that measure of damages which is calculated to ascertain in the most certain and satisfactory manner the compensation to which the plaintiff is entitled. When the injury is liable to occur only at long intervals, or when the nuisance is likely to be removed by any agency, the damages which have occurred only up to the time of the action will be allowed; but if the nuisance is permanent and the injury constantly and regularly recurs, then the whole damage may be recovered at once. In a case like this the resulting depreciation in the value of the property is the safest measure of compensation. Here it may be inferred from the evidence that the injury recurs upon each considerable rainfall, and continues during a stage of offensive stagnation until the water evaporates. The defendants seem to have treated the work as permanent, since they have failed, upon application, to make a culvert for the passage of the water; and we are of opinion the depreciation in the value of plaintiff's property is the most certain measure of his damages for the injury." This language is peculiarly applicable to the facts of this case. A railroad embankment is generally considered, and properly so, to be a permanent structure. The appellees have so considered it in this case, and have sought to recover for the permanent injuries inflicted upon their land. This means full compensation for all the injuries growing out of the negligent construction of appellant's dump, and embraces not only the past but prospective overflows as well. Otherwise it is evident that the overflows which are shown to have occurred prior to the trial did not inflict permanent injuries upon appellees' property to any considerable extent, and the recovery of $600 therefore would be grossly excessive and unconscionable. But the appellees, as was their right, have sought to recover full compensation in one action for all the injury done. This being true, and the nuisance being permanent, the cause of action arose with the nuisance, and the measure of appellees' damage would be the difference in the market value of their property immediately before and immediately after the construction of the embankment resulting in the injury complained of. See, also, City of Houston v. Parr, 47 S. W. Rep., 393; Denison, etc., Ry. Co. v. Evans, 47 S. W. Rep., 280; Sedgwick on Damages, par. 95. It follows from this that the testimony should have been admitted, as it bears directly upon the proper measure of damages to be applied in the case. Of course we do not mean to intimate that in the application of this rule the appellees would be precluded from proving the subsequent inundations of their property. This would be evidence of a very high character tending to show the actual effect of appellant's structures.

In view of another trial we call attention to the probable error in admitting evidence as to the market value of the land before and after the floods occurring in 1900 and 1902, some of which were nearly two years after the construction of appellant's embankment. If the nuisance is a constant or continuing one, the test is the diminished value at the inception of such nuisance and not at a date two years later when in all probability the market value of the land is quite different.

We do not pass upon the sufficiency of the evidence to support ap-

pellees' contention that the nuisance is permanent and not merely one recurring at long intervals, in which latter event a different rule for measuring the damages necessarily applies. Gulf, C. & S. F. Ry. Co. v. Helsley, 62 Texas, 593; Austin & N. Ry. Co. v. Anderson, 79 Texas, 427; Clark v. Dyer, 81 Texas, 339; International & G. N. Ry. Co. v. Davis, 29 S. W. Rep., 483.

Justice Stephens concurs in the reversal for the error discussed, but does not assent to all the propositions announced.

*Reversed and remanded.*