Missouri, Kansas & Texas Railway Company of Texas v. Ed. J. L. Green, Guardian.

Decided November 21, 1906.

#### 1.—Railway—Overflow—Damages—Permanent Depreciation.

The measure of damages recoverable for overflow of land by surface water, caused by the railway structures, is the depreciation in the value of the real estate injured, treating the structures and their effect on the land as permanent, where the overflows are repeated at irregular but certainly recurring intervals, on occasions of heavy or protracted rainfall, and, the structures being apparently intended to be permanent, the effect on the land will be so likewise.

#### 2.—Land—Permanent Damages—Proof of Title.

Possession under claim of title, with parol evidence tending to show title in plaintiff and not objected to, will be sufficient proof of title to support a recovery of damages for permanent injury to the land.

Appeal from the District Court of Hays County. Tried below before Hon. L. W. Moore.

*Fiset & McClendon,* for appellant.—The damages complained of were not permanent in their nature, but were temporary, recurrent, and dependent upon the seasons, and their recurrence was not regular, but at irregular intervals, and could not be determined in advance of their actual happening. Galveston, H. & S. A. Ry. v. Tait, 63 Texas, 226; Sabine & E. T. Ry. v. Johnson, 65 Texas, 393; Austin & N. W. Ry. v. Anderson, 79 Texas, 427; Trinity & S. Ry. v. Schofield, 72 Texas, 498; Galveston, H. & S. A. Ry. v. Seymour, 63 Texas, 345; Gulf, C. & S. F. Ry. v. Helsley, 62 Texas, 593; Galveston, H. & S. A. Ry. v. Horne, 69 Texas, 643; Gulf, C. & S. F. Ry. v. Pool, 70 Texas, 713; Texas & Pac. Ry. v. Harrington, 62 Texas, 597; City of Houston v. Houston, E. & W. T. Ry., 63 S. W. Rep., 1057; Gulf, W. T. & P. Ry. v. Gildman, 28 S. W. Rep., 267; International & G. N. Ry. v. Gieselman, 34 S. W. Rep., 658; Gulf, C. & S. F. Ry. v. Haskell, 23 S. W. Rep., 548; Texas & N. O. Ry. v. Looney, 77 S. W. Rep., 254.

Where no part of the land is taken, and no change is wrought therein, but the only detriment is the liability to overflow or become too wet for cultivation from heavy or protracted rains, the true measure of damages is the injury which the land and other property sustains from the successive overflows when they occur. Gulf, C. & S. F. Ry. v. Haskell, 23 S. W. Rep., 548; Van Pelt v. City of Davenport, 42 Iowa, 314.

An injury, the recurrence of which is dependent upon the seasons for its existence, non-existence, or extent, is recurrent and not permanent. Gulf, C. & S. F. Ry. v. Haskell, 23 S. W. Rep., 548; Galveston, H. & S. A. Ry. v. Tait, 63 Texas, 226; Gulf, C. & S. F. Ry. v. Helsley, 62 Texas, 596; Galveston, H. & S. A. Ry. v. Seymour, 63 Texas, 345; Gulf, C. & S. F. Ry. v. Pool, 70 Texas, 713; Sabine & E. T. Ry. v. Johnson, 65 Texas, 389.

The permanency of a particular construction is not dependent upon the intention of the party owning same, but upon the character of the construction. Gulf, C. & S. F. Ry. v. Haskell, supra.

*O. T. Brown,* for appellee.—The allegations and the proof show a cause of action for permanent injuries to the land, and a right to recover in one and the same action for all damages, past, present and prospective, occasioned thereby. Rosenthal v. Taylor, B. & H. Ry. Co., 79 Texas, 327; Gulf, C. & S. F. Ry. Co. v. Helsley, 62 Texas, 593; Fort Worth & N. O. Ry. Co. v. Wallace, 74 Texas, 584; Gembler v. Echterhoff, 57 S. W. Rep., 313; Texas & Pac. Ry. Co. v. O'Mahoney, 50 S. W. Rep., 1049; International & G. N. Ry. Co. v. Slusher, 95 S. W. Rep., 717; Missouri, K. & T. Ry. Co. of Texas v. McGehee, 75 S. W. Rep., 841; Towle v. New Haven, etc., Co., 112 Mass., 338; Seely v. Alden, 61 Pa. St., 302; 100 Am. Dec., 642.

FISHER, CHIEF JUSTICE.—The appellee, as guardian of Sallie P. and Eugene Green, minors, brought this suit to recover damages for injuries to real estate of his wards. The damages are alleged to have been occasioned by an improper construction and maintenance of certain ditches, culverts and sluices on defendant's right of way, by reason of which the natural flow of the surface water was disturbed and thereby caused permanent injury to the land of plaintiffs. Verdict and judgment in the trial court were in favor of the plaintiffs for $500 damages to the land in controversy.

The issues presented by the pleadings and supported by the evidence were submitted by the trial court in the following charge:

"2d. You are instructed that it is provided by the statute laws of Texas, 'That in no case shall any railroad company construct a roadbed without first constructing the necessary culverts or sluices, as the natural lay of the land requires, for the necessary drainage thereof.' In applying this law to the facts now before you in evidence you will consider in the light of the evidence the natural lay of defendant's right of way and the natural lay of plaintiff's land, as related to each other and to defendant's roadbed. The expression necessary drainage in this statute relates to surface water, as well as any other water. The term surface water is applied to rainwater falling from the clouds and running over the surface of the earth not in any established and definite channel, but scattered over it and running according to the natural lay of the land.

"3d. If you find from the evidence that in the construction and maintenance of its roadbed, ditches and culverts the defendant changed the flow of surface water, so that after the construction of the roadbed and ditches, the surface water no longer naturally flowed as it naturally did before the roadbed and ditches were made, but were concentrated on the north side of the embankment and in the barrow-pits, as alleged in plaintiff's petition, and that they were discharged through the culvert and escaped from the barrow-pits to and upon the plaintiff's land, as described in said petition, and produced the injuries complained of, then you are instructed that it was the duty of defendant to see to it that such change, if any, in the natural flow of the surface water, should not operate to the injury of the plaintiff's land; and if you further find from the evidence that such change, if any, was injurious to the plaintiff's land, then and in that event you are further instructed that the plaintiff would be entitled to recover of the defendant such damages, if any, as you may believe from the evidence the plaintiff's wards have

sustained thereby, provided you also find from the evidence that such injuries are permanent. In determining whether or not such injuries, if any, are permanent, if you should find from the evidence that they have been repeated from time to time within the period of two years next prior to the date of the institution of this suit, at irregular but certainly recurring intervals, on occasions of heavy and especially on occasions of protracted rainfall, that the causes of such injuries, if any, are themselves permanent, and are intended by the defendant to be and remain permanent, that similar results to the land in question will in reasonable probability continue to result hereafter whenever in the course of nature there falls in that locality heavy rain, and especially in cases of protracted rainfall, then and in that event you may consider and find said injuries to be permanent. And if you further find from the evidence that such injuries, if any, are not only permanent, but that the market value of said 81 8-10 acres of land was depreciated thereby within two years next prior to the institution of this suit, you will find for the plaintiff.

"4th. If under the evidence and charge of the court you find for the plaintiff, you are instructed that the measure of his damages is the difference, if any, in the market value of said 81 8-10 acres of land immediately before and immediately after the receipt of such injuries, if any, and you will so assess same."

In various forms the assignments of error raise the question that the measure of damages was not the depreciated value of the land, but that the facts pleaded and raised by the evidence merely show that the injury was temporary, and that the measure of damages, if any, arose from the injuries sustained by reason of rainfalls as they occurred. The rule announced in Rosenthal v. Taylor, B. & H. Ry., 79 Texas, 327, when applied to the facts pleaded and established by the evidence, shows that the court submitted the proper measure of damages. The question presented, when tested by the facts, is a close one; but as there is evidence which tends to show that the defendant treated the structure as permanent, and it appearing that the effect occasioned by heavy and expected rainfalls will produce constantly occurring injuries to the productive quality of the land, we can not say that this case is not an exception to the general rule, and that it does not come within the doctrine announced in the Rosenthal case. However, it is well to state that the case of Fowle v. New Haven & N. Co., 112 Mass., 338, much relied on and quoted from in the Rosenthal case, was subsequently by the same court disapproved in Aldworth v. Lynn, 153 Mass., 53; Same case, 10 Law Rep. Ann., 210, 25 Am. St. Rep., 608, 26 N. E. Rep., 229. An interesting discussion of this question will be found in Harvey v. Mason City & F. D. Ry. Co., 3 Law Rep. Ann. (N. S.), 975, where many of the authorities are quoted.

There is an assignment of error which contends that the plaintiff ought not to have recovered, because there is no evidence of title in the minor children. The evidence shows that the plaintiff had been in possession a number of years for the minors; and there is some parol evidence in the record tending to show that the title was in the minor children. There is no assignment of error complaining of the action of the court in admitting this character of testimony, but the assignment is

merely to the effect that title was not established. The assignment is overruled.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.