FORT WORTH & RIO GRANDE RAILWAY COMPANY v. D. T. FINLEY.

Decided April 18, 1908.

**1.—Pleading—Negligence—General Reputation of Employee.**

In the absence of an issue tendered by the pleading that a defendant railroad company had failed to exercise reasonable care and prudence in the selection of its engineer, and where the personal injuries complained of are alleged to have resulted from a particular act of negligence on the part of the engineer, testimony as to the general reputation of the engineer for prudence or carelessness is properly excluded. The enquiry should be limited to the specific act of negligence alleged.

**2.—Unavoidable Accident—Contributory Negligence—Evidence.**

Upon the contention, in a motion for a new trial, that plaintiff's injuries, caused by a violent coupling of a freight train with a caboose, were due to an unavoidable accident, or to contributory negligence on the part of plaintiff, evidence considered, and held to support the verdict, and to justify the court in overruling the motion for new trial.

Appeal from the District Court of Tarrant County. Tried below . before Hon. Mike E. Smith.

*C. H. Yoakum* and *West, Chapman & West,* for appellant.

*R. L. Carlock,* for appellee.

CONNER, CHIEF JUSTICE.—This is a case of damages for personal injury in which appellee recovered a judgment of nineteen hundred and ninety dollars. It was alleged, briefly, that appellee was in charge of a grading camp, getting out ballast and gravel for the benefit of appellant; that in the prosecution of the work it became necessary for appellee on the occasion in question to enter the caboose of the work train with which appellee had been furnished, and that the engineer without previous warning or notice negligently made a violent coupling which resulted in the fall and injuries complained of in the petition. Appellant pleaded the general denial, and that appellee was guilty of contributory negligence in standing up in the caboose, knowing that the coupling was to be made.

The court excluded as immaterial the evidence of the witness Elsesser to the effect that he had been acquainted with the engineer of whose act appellee complains "about eight years and that he was a competent and very careful and prudent engineer and bore that reputation." Appellant complains of this ruling, but cites us to no authority in support of its contention. No issue of negligence was made in the pleadings on the ground that appellant had failed to exercise reasonable care and prudence in the selection of the engineer, but a specific act of the engineer was complained of, which appellant sought to show was caused by an unavoidable accident. Save as the evidence tended to show negligence on the part of the engineer, no attack whatever was made upon his general reputation for carelessness or otherwise, and we think the court properly limited the inquiry to the specific acts of negligence alleged. As said in the case of Tenney v. Tuttle, 1 Allen, 185, and quoted with approval by our Supreme Court in the case of Missouri, K. & T. Ry. Co. v. Johnson, 92 Texas, 383: "When the precise act or omission of a defendant is proven, the question whether it is actionable negligence is to be decided by that act or omission and not by the character for care and caution that the defendant may sustain."

In the remaining assignments, the second and third, complaint is made of the action of the court in overruling appellant's motion for a new trial. It is insisted, first, that the evidence shows that the sole proximate cause of the injury in question was due to an unavoidable accident as pleaded, or, if not, that the testimony conclusively shows that plaintiff was not in the exercise of ordinary care at the time of the collision, and that hence his negligence contributed to the cause of his injuries. We have carefully examined the evidence and feel unable to agree with appellant's contentions in the particulars noted. It appears from the evidence that plaintiff had occasion to go to Fort Worth to have some repairs made in connection with the work which he was doing for appellant, and that he entered the caboose of

the train upon which he had been directed to make the journey at about six o'clock in the afternoon; that at the time of his entry into the caboose the engine with some other cars was upon a siding and that a short time thereafter the engineer propelled the engine, to which one or more cars were attached, from the siding onto the main track and hence back to the train to which the caboose was attached, to make the coupling. The testimony of the engineer and other employes of appellant tended to show that the coupling made was not particularly forcible, but appellee, and in this he was corroborated by other witnesses, testified that the car struck the caboose at a rate of speed from fifteen to twenty miles per hour; that he was either sitting down or just in the act of sitting down when the impact came; that he was thrown forward, striking against the edge of the seat opposite to him, breaking two of his ribs and causing him to be thrown to the north end of the car,—a distance of seventeen to eighteen feet. The engineer testified that after he had started back on the main track to make the coupling, a gasket on the face of the engine boiler bursted and that the forcible ejection of steam thereby occasioned blinded him for a few moments and, during that time, prevented him from giving attention to his train or observing his proximity to the caboose; that in a moment or so, however, he looked out of the window and received the stop signal from a brakeman, whereupon he applied the air in emergency and reversed his engine, and that at the time of the impact he had been able to reduce the speed to five or six miles per hour. There was other evidence in behalf of appellee, however, to the effect that from the point where the engineer began to back toward the caboose the distance was about fifty or sixty yards; that it was slightly up grade and the rails dry; that the engine was in good condition and its air appliances working all right; that the speed with which the engineer started to make the coupling was from fifteen to twenty miles per hour, and there was evidence tending to show that such a rate of speed was unnecessary and unusual, and that had he been going at the reasonable speed of five or six miles per hour at the time of the explosion of the gasket and at the time he received the stop signal, he could, with the appliances at hand, have readily reduced the speed of his train to the rate of about two miles per hour at the time of striking the caboose, in which event it is made to appear improbable that appellee would have been injured in the manner and degree shown.

On the issue of contributory negligence, in addition to what has been stated, appellee testified that he was unaware of the approach of the train and that if the brakeman hollowed to him to sit down, as the brakeman testified, he did not understand what he said. So that we think, on the whole, it was for the jury to say whether appellee was at the time acting in the exercise of due care for his own safety, and whether the unusual and violent coupling was the proximate result of the engineer's negligence, notwithstanding the bursting of the gasket. We conclude that the judgment should be affirmed.

*Affirmed.*