INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. F. J. FICKEY.

Decided February 9, 1910.

**1.—Damages—Opinion.**

A witness can not be permitted to give his opinion as to the amount of damage suffered by defendant (injury to his land by washing caused by overflow). He should state the facts, including market value before and after the injury, the amount to be determined by the jury under proper instructions as to the measure.

**2.—Requested Instructions.**

The proof raising a question as to how far the loss of plaintiff's cotton crop was due to overflow or to injuries by the boll weevil, defendant was entitled to a requested instruction that it was not liable for injury by the latter cause.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*King & Morris* and *W. S. Baker,* for appellant.—Witness can not give his estimate of amount of damages. San Antonio & A. P. Ry. Co. v. Keirsey, 101 Texas, 513; Green v. Taylor, B. & H. Ry. Co., 79 Texas, 608; Gulf, C. & S. F. Ry. Co. v. Locker, 78 Texas, 279.

There was evidence of boll weevil in appellee's cotton, and this issue should have been submitted, because plaintiff would not be liable for any portion of the damage done appellee's cotton by boll weevil. San Antonio & A. P. Ry. Co. v. Gurley, 37 Texas Civ. App., 283.

*Allen D. Sanford* and *Geo. N. Denton,* for appellee

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit seeking to recover damages from appellant, alleged to have been caused by the negligent construction of appellant's roadbed, including a certain ditch. The plaintiff charged that the ditch caused an excessive flow of water over and upon his farm, thereby injuring and destroying certain crops and damaging the land.

There was a jury trial which resulted in favor of the plaintiff, and the defendant has appealed.

We sustain the ninth assignment of error and reverse the case because the trial court, over appellant's objection, permitted the witness Casey to testify that, in his opinion, the plaintiff's farm had been damaged $1,000 by reason of the washing of the land. The witness should not have been permitted to give his opinion or estimate as to the damage referred to. In such matters the rule is that witnesses should state the facts, including the market value of the land immediately before and immediately after the alleged injury, and then the jury, under proper instructions as to the measure of damages, must determine the extent and amount of damages sustained.

In regard to the twelfth assignment we deem it proper to say that if, upon another trial, testimony is submitted tending to show that the cotton alleged to have been destroyed or injured was also injured

by boll weevils, the court should, if requested to do so, instruct the jury that appellant would not be liable for any injury to the cotton caused by such insects.

The other questions of law presented in appellant's brief have been considered and are decided against appellant.

On account of the error referred to the judgment is reversed and the cause remanded.

*Reversed and remanded.*