C. H. Dye v. Chicago, Rock Island & Gulf Railway Company.

Decided March 12, 1910.

**1.—Damages—Death of Son—Pleading.**

Where a parent sued to recover damages sustained by reason of the death of his minor son, and for nothing more, he can not complain that the charge of the court denied him a recovery for loss of time by the son during his illness resulting from injury, and expenses incurred by the plaintiff for medical treatment for the son.

**2.—Same—Contributory Negligence—Burden of Proof—Charge.**

In a suit for damages for personal injuries resulting in the death of plaintiff's minor son, wherein defendant plead contributory negligence on the part of the son, charge considered and held not subject to the criticism that it placed on the plaintiff the burden of sustaining defendant's plea of contributory negligence.

**3.—Master and Servant—Negligence of Servant—Rebutting Evidence.**

Where, in a suit by a parent for damages for the negligent killing of his son, the plaintiff pleads and introduces evidence tending to show that the son was injured by the negligence of a coworker, but does not charge the defendant with negligence in the selection of the coworker, it was error to permit the defendant to introduce testimony to the effect that the coworker was a good and careful man and did his work well.

**4.—Charge—Burden of Proof—Undue Emphasis.**

Charge considered and held subject to the objection that by repetition of the subject of burden of proof it gave undue emphasis to that issue to appellant's prejudice.

Appeal from the District Court of Carson County. Tried below before Hon. A. A. Lumpkin, Special Judge.

*L. C. Barrett, J. M. Jones, Sidney O'Keefe* and *Fayette Ratliff,* for appellant.

*N. H. Lassiter, Robert Harrison* and *Turner & Boyce,* for appellee.

DUNKLIN, Associate Justice.—C. H. Dye instituted this suit to recover of the Chicago, Rock Island & Gulf Railway Company for the death of his son, Lewis H. Dye, and from a judgment in favor of the defendant plaintiff has appealed.

Lewis Dye was employed by the defendant company as a section hand, and while unloading ties from a moving train his hand was injured. The injury occurred on May 2, 1908, and the boy died May 24, 1908, in the eighteenth year of his age. Plaintiff alleged that said injury caused the death of his son and sought to recover for loss of his services during minority and for pecuniary benefits which he alleged he had a reasonable expectation of receiving from his son after he would have reached the age of his majority.

Plaintiff further alleged that at the time of the accident Lewis Dye had lifted one end of a tie when Kelly, his coworker, raised the other end and shoved the tie in such a manner as to cause Lewis Dye's hand to be caught between one end of the tie and the side of the car and that the injury complained of was thus inflicted.

Plaintiff also alleged that the track was out of repair; that the train was moving at the rate of about seven miles per hour, and that the rocking of the car resulting from the movement of the train at that speed was a contributing cause of the injury. This act of Kelly, the uneven roadbed, and such movement of the train while the car was being unloaded, were charged as negligence and made the basis of plaintiff's suit.

The sixth paragraph of the court's charge to the jury reads as follows:

"You are instructed in this case that although you may find and believe from the evidence in this case that one Kelly was a coworker of the said Lewis H. Dye and performed the act as alleged in plaintiff's petition in unloading the tie, and produced the injury of a wounded hand, and believe that his act was negligence; or that the roadbed of the defendant at the point where the injury is alleged to have occurred was in an uneven and bad condition, and that in moving said train over said track at the time and at the point where said injury happened was negligence, still, if you further find and believe that after the said occurrence the said Lewis Dye, or the plaintiff C. H. Dye, failed to use ordinary care as to said bruised and wounded hand, if you believe the same was in such condition, and that the said Lewis Dye neglected the said hand in such condition and failed to exercise ordinary care to provide timely or suitable medicine or medical attention, and to such an extent as in either event, or by a combination of the same, was the proximate cause of his death, then you are instructed to find for the defendant, and so say by your verdict. And in this connection you are further charged that in order for the plaintiff to recover you must find and believe that the negligence of the defendant, if you find that it existed, was the proximate cause of the death of the said Lewis Dye, that is, the death was the natural and probable consequence of such negligence, and if you fail to find from the evidence that such negligence was such cause, you will find for the defendant, and the burden is upon the plaintiff for such issue."

Appellant contends that this charge was erroneous in that by it he was denied a recovery for loss of time by Lewis Dye during his illness resulting from the injury, and expenses incurred by plaintiff in treating the injured hand. As we construe plaintiff's petition his suit was to recover damages sustained by reason of the death of his son and nothing more. Another criticism upon the instruction above quoted is that by the latter portion thereof the burden of sustaining defendant's plea that Lewis Dye was guilty of negligence in caring for his wounded hand, was placed upon the plaintiff. There is no merit in this contention and it is overruled.

Defendant introduced testimony to the effect that the said John Kelly, Lewis Dye's coworker, was a good man and a careful man and did his work well. Plaintiff objected to this testimony on the ground that it was incompetent, and not material to any of the issues raised by the pleadings. The objection was overruled and this ruling is made the basis of appellant's eleventh assignment of error. The evident purpose of this testimony was to rebut evidence intro-

duced by plaintiff tending to show that Kelly shoved the tie in such a manner as to cause Lewis Dye's hand to be caught between the end of the tie and the side of the car, and as plaintiff did not charge that defendant had been guilty of negligence in the selection of Kelly as its servant the court erred in admitting it. Adams v. International & G. N. Ry., 122 S. W., 895; Ft. Worth & R. G. Ry. v. Finley, 50 Texas Civ. App., 291 (110 S. W., 531); Missouri, K. & T. Ry. v. Johnson, 92 Texas, 380.

The fourth paragraph of the court's charge reads: "You are charged that the burden of proof is upon the plaintiff to establish his case by a preponderance of the evidence, and if the plaintiff has failed, you will find for the defendant."

Defendant's eighth special instruction which the court gave is as follows:

"Although you may find and believe from the evidence that the hand of deceased was injured through the negligence of defendant, yet before you can find in favor of the plaintiff you must believe from a preponderance of the evidence that the death of the said Lewis H. Dye was the proximate result of such injury and not from some independent cause; and in this connection you are instructed that if you find from the evidence that the death of deceased was the result of some disease of the middle ear, or from mastoiditis, which was not caused by the injury to the hand, then you will find in favor of the defendant."

Appellant complains that for the court to tell the jury in each of these instructions and also in the latter portion of the sixth paragraph of the charge quoted above, that the burden was upon the plaintiff to prove by a preponderance of the evidence that defendant's negligence, if any, was the proximate cause of the death of Lewis Dye, was an undue emphasis of the issue and likely to be construed by the jury as an intimation of doubt by the court that the plaintiff had discharged the burden thus imposed. We think the criticism thus made is meritorious, and as this was a very material issue in the case and the evidence thereon conflicting and consisting largely of the opinions of expert witnesses, appellant's fourth assignment of error is sustained. No errors are assigned upon the court's charge other than those discussed above.

For the errors above noted the judgment of the trial court is reversed and the cause remanded for another trial.

*Reversed and remanded.*