STEPHENVILLE, N. & S. T. RY. CO. OF TEXAS v. YATES.

(Court of Civil Appeals of Texas. Austin. May 22, 1912.)

1. WATERS AND WATER COURSES (§ 178*)— INJURIES BY FLOWAGE OF LANDS — DAMAGES.

Where a construction interfering with the flow of water is permanent, and is at once productive of all the damages which can result from it, a cause of action accrues at once on completion of the work, and the measure of damages is the difference in the market value of the land just before and just after the completion of the construction; but, where the injury occurs from successive overflows, the occurrence and frequency of which cannot be foretold, nor the extent of the damages foreseen, each overflow gives rise to a separate cause of action, and the measure of damages for such overflows, causing permanent injury to land, is the difference between the value of the land just before and just after an overflow.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 251–255; Dec. Dig. § 178.*]

**2. WATERS AND WATER COURSES (§ 179*)—IN-JURIES BY FLOWAGE OF LANDS—EVIDENCE—VALUE OF LAND.**

Where, in an action against a railroad company for damages caused by an overflow of a stream, due to the construction of a roadway across the valley, the evidence showed that the roadway was not completed at the time of the overflow complained of, and that the overflow was caused by failing to leave sufficient openings for the escape of the waters of ordinary overflows of the river, the admission of testimony of the value of the land just before and just after the overflow was not erroneous.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 244–250, 256–259, 263, 264; Dec. Dig. § 179.*]

**3. WATERS AND WATER COURSES (§ 178*)—FLOWAGE OF LAND FROM OBSTRUCTING WATER COURSE—DAMAGES.**

Where a railroad company constructed its roadbed across the valley with insufficient openings for the escape of the waters of ordinary overflows of the river, and thereby diverted the overflow onto the land of plaintiff, the latter could recover the damages caused by the overflow, whether permanent or temporary, and for the permanent injury to the land by reason of anticipated overflows, taking into consideration the history of the stream.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 251–255; Dec. Dig. § 178.*]

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Action by G. W. Yates against the Stephenville, North & South Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Marshall Ferguson, of Stephenville, for appellant. S. P. Sadler, of Gatesville, for appellee.

### Findings of Fact.

JENKINS, J. Appellee brought this suit to recover damages on account of permanent injury to his land, and the destruction of his growing crops, suffered by an overflow of the Leon river, alleged to have been occasioned by the negligent construction of appellant's roadway across the valley of said river. The jury returned the following verdict: "We, the jury, find for plaintiff and assess his damages at $700;" and judgment was entered accordingly. The verdict is not complained of as being excessive. The evidence is sufficient to show liability on the part of the appellant, in that it so constructed its roadbed as not to leave sufficient openings for the escape of the waters of ordinary overflows of said river, in the manner that the same escaped prior to the erection of said roadbed, but diverted such overflow, so that the current of the same was thrown upon and across the land of appellee, where no such current flowed prior to the erection of said roadbed. The roadbed erected was not entirely completed when the overflow came.

### Opinion.

[1] 1. It is the contention of appellant that, in so far as it involves injury to the land, this is a suit to recover for the permanent injury to said land, caused by the construction of the dump across the same; that the cause of action arose and was complete when said roadbed was constructed, and therefore the measure of damages was the difference in the market value of the land just before and just after the construction of said roadbed; and therefore the court erred in permitting testimony as to the value of said land just before and just after the overflow.

This is true where the original act is permanent in its nature, and at once is productive of all of the damages which can ever result from it, as, for instance, the erection of a permanent dam across a flowing stream, which, as soon as it is constructed, causes the water to flow back and injure the land of another. But the test is not the permanency of the character of the obstruction, but whether the whole injury results from the original wrongful act. Where the injury occurs from successive overflows, the occurrence and frequency of which cannot be foretold with certainty, nor the extent of the damages be accurately foreseen, the damage done by each overflow gives a separate cause of action; and where such overflow causes permanent injury to the land the measure of damages is the difference in the value of the land just before and just after the overflow. Railway Co. v. Anderson, 79 Tex. 427, 15 S. W. 484, 23 Am. St. Rep. 350; Railway Co. v. Kiersey, 98 Tex. 590, 86 S. W. 744; Railway Co. v. Clayton, 54 Tex. Civ. App. 512, 118 S. W. 248; Railway Co. v. Green, 44 Tex. Civ. App. 247, 99 S. W. 573; Railway Co. v. Buford, 106 Ala. 312, 17 South. 395; Bowers v. Boom Co., 78 Minn. 398, 81 N. W. 208, 79 Am. St. Rep. 397; Railway Co. v. Biggs, 52 Ark. 240, 12 S. W. 331, 6 L. R. A. 804, 20 Am. St. Rep. 175; Sullens v. Railway Co., 74 Iowa, 659, 38 N. W. 545, 7 Am. St. Rep. 501; Culver v. Railway Co., 38 Mo. App. 130.

This issue has frequently arisen on the plea of the statute of limitation, as the statute begins to run when the cause of action arises. "It has been held that in case of overflow of land, caused by a ditch upon a railway's right of way, when in certain seasons overflow is slight and beneficial to the land, while in others, depending upon the amount of rainfall, it is injurious, the first injurious overflow would not furnish a safe basis from which future damages would be calculated; and therefore, although the ditch is permanent, an action for damages because of its existence would not be barred within the statutory period after the first overflow. In any event, if the structure is of such a character that it may or not do injury, the cause of action for damages from an injury arises only when the injury is done. * * * So, in an action for the re-

covery of damages for injuries resulting from the wrongful construction by a railroad company of an embankment across a ravine, whereby the surface water was diverted from its natural source and discharged upon adjoining premises, the statute of limitation began to run upon such right of action only from the time of such actual injury sustained from such obstruction." Farham on Water and Water Rights, vol. 3, pp. 2647, 2648.

[2] 2. It is, however, not necessary to invoke the principle, above discussed, in order to sustain the action of the court in admitting the testimony complained of, for the reason that the dump was not completed when the overflow came, and therefore "immediately before and immediately after the construction of the dump," and "immediately before and immediately after the overflow," was one and the same time.

[3] 3. The appellee was entitled to recover the damage caused by the overflow, whether such damage was permanent or temporary. In addition thereto, appellee sued for the permanent injury done to his land by reason of anticipated overflows, taking into consideration the past history of the stream. No objection was made to the recovery of such damages, if any, as could be shown and estimated in this manner.

4. We do not think the charge of the court is subject to any of the criticisms urged against it by the appellant.

Finding no error in the record, the judgment of the trial court herein is affirmed.

Affirmed.