SCOTT v. NORTHERN TEXAS TRACTION CO. (No. 7547.)

(Court of Civil Appeals of Texas. Dallas. Nov. 4, 1916. Rehearing Denied Dec. 16, 1916.)

1. APPEAL AND ERROR ☞1005(3)—CONFLICTING EVIDENCE.

Where the trial court has sustained a verdict of the jury based on conflicting evidence, it will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3876, 3949; Dec. Dig. ☞1005(3).]

2. WATERS AND WATER COURSES ☞171(1)—FLOODING BY RAILROAD EMBANKMENT — LIABILITY—PROXIMATE CAUSE.

A railroad company is not liable for alleged damages to land from overflow even though caused by its negligent construction or maintenance of embankments and culverts, diverting the natural flow of surface or creek waters, if such overflow occurred when natural conditions would have caused the same damages, even if the embankments and culverts had not existed, for in such case the construction and maintenance of its roadbed is not the proximate cause of the damage.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 216, 217, 221, 222; Dec. Dig. ☞171(1).]

3. TRIAL ☞214—REQUEST FOR CHARGES ON SPECIAL FACTS.

A defendant is entitled to have presented to the jury any specified group of facts developed at trial, which, if true, would in law establish a' given defense, provided the evidence represented is not substantially covered by the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 480; Dec. Dig. ☞214.]

4. NEGLIGENCE ☞56(1)—PROXIMATE CAUSE.

A defendant is not liable for damages for his negligence, if such negligence was not the proximate cause of plaintiff's injury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 69; Dec. Dig. ☞56(1).]

5. NEGLIGENCE ☞82—CONTRIBUTORY NEGLIGENCE.

That plaintiff in a suit for damages is guilty of negligence will not preclude recovery if such negligence did not proximately contribute to his injuries, but they were caused solely by the negligence of defendant.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 112–114; Dec. Dig. ☞82.]

6. WATERS AND WATER COURSES ☞179(6)—ACTION AGAINST RAILROAD FOR FLOOD DAMAGES—QUESTIONS FOR JURY—NEGLIGENCE.

In action against railroad for damages to land from flood caused by negligent construction or maintenance of its embankment and culverts, the question whether the damages were caused by such embankment and culverts or would have occurred from natural conditions is for the jury.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 256, 258, 259, 264; Dec. Dig. ☞179(6).]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by G. W. Scott against the Northern Texas Traction Company. From judgment for defendant, plaintiff appeals. Affirmed.

Parks & Hall, of Dallas, for appellant. J. Hart Willis and Thompson, Knight, Baker & Harris, all of Dallas, for appellee

RASBURY, J. Appellant sued appellee for damages to his land, crops, and fences, alleged to have been the result of appellee's negligence in constructing and maintaining its interurban railway along and adjacent to appellee's lands. The specific acts of negligence relied upon were appellee's failure to construct necessary culverts and sluices according to the natural drainage of the land where its line crossed the channel and lowlands or valley of Mountain creek, and by reason of which the waters of Mountain creek were diverted from their natural course and thrown upon appellant's land submerging his crops, eroding his lands, and carrying away his fences. Appellee denied the allegations of negligence, averred that its railway was properly constructed, that its culverts and sluices were adequate, and that no damage resulted to appellant thereby; and affirmatively alleged that if appellant was damaged as claimed it was the result of overflows resulting from natural conditions, and from which appellant would have suffered the damages alleged if appellee's line of railway had never been built.

There was jury trial resulting in verdict for appellee. Judgment was in accordance with the verdict, from which this appeal is perfected.

The following material and undisputed facts, in relation to the situation of appellant's land and the construction of appellee's railway across Mountain creek and its valley, are deducible from the evidence. Appellee's railway is an interurban line operated in and between the cities of Dallas and Ft. Worth. In its course it crosses Mountain creek at a point about 7 miles west of the city of Dallas. Mountain creek has its source south of appellee's railway and in its meanderings pursues a general northerly course, emptying finally into the Trinity river at a point north of appellant's lands and appellee's railway. Appellant's land is south of appellee's railway. The stream in its general course north makes many abrupt turns from its general course, running at times south, west, north, and east of appellant's land, inclosing appellant's land, and a portion of appellee's railway in what may be termed an irregular circle, open at the southeast point. In its course the creek also crosses appellee's railway three times. The first crossing is west of appellant's land. After flowing in a general northerly direction it turns abruptly south and again crosses appellee's railway east of appellant's land (forming at this point the irregular circle referred to). Pursuing a southeasterly direc-

tion it again turns abruptly north, crosses the railway a third time, flowing thence north until it reaches the Trinity river. Appellant's land is contained in the described circle and is highest at the creek banks, and is no higher than the banks and slopes away from the creek towards the hills of adjacent highlands, being at the foot of the hills from 1 to 2 feet lower than the bank of the creek. Appellee's embankment upon which its tracks are laid and adjacent to which appellant's land is situated is on an average about 6 feet higher than the natural lay of the land. There are four openings through the embankment, three for the purpose of permitting the waters of the creek to pass through, and one the waters of a slough at the extreme west end of the embankment. All the openings are spanned by ordinary trestles. The east opening is 178½ feet. The next or middle opening is 181 feet. The third opening is 180 feet. The slough or extreme west opening is 82 feet.

The testimony was in conflict concerning the proximate cause of the overflow which caused the damage to appellant's lands, etc. Appellant's testimony tended to show that the embankment built by appellee across the creek valley did not have sufficient openings to carry away the normal fall of water, and that in addition appellee had partially dammed the bed of the creek openings with rock and refuse cable wire, by reason of which the natural drain of the waters were impeded, the creek caused to overflow, and its waters diverted upon the lands of appellant. Appellee's testimony tended to show that the openings in its embankment were sufficient to carry away the normal water fall, and that the rock and cable wire were to prevent the washing of the bridge abutments, and did not tend to impede the flow of the water through the creek openings. Its testimony also tended to show that as the result of natural conditions appellant's lands had been similarly overflowed for many years prior to the construction of its railway embankment.

[1] By his first assignment of error appellant asserts, in substance, that the verdict is without support in the evidence since it appears by the undisputed evidence that appellee constructed and maintained its embankment without sufficient openings therein for drainage, and that as the proximate result thereof the waters of the creek were diverted upon his lands, injuring him as alleged, and asserts as matter of law resulting from the premises that the court erred in not granting his motion for new trial. The proposition would of course be correct if, as assumed in the assignment, appellee was by the undisputed facts shown to have been negligent in the respect stated. The evidence, however, is conflicting on the issues comprehended by the assignment. The jury resolved the conflict in favor of appellee. Their action was presented for review to the trial court, who heard the witnesses and observed their demeanor. He sustained it. It has been repeatedly held that in such cases this court will not substitute its judgment for that of the jury and the trial judge, since to do so would be to exercise an authority it does not possess.

Appellant, however, further asserts that the undisputed evidence discloses that appellee's negligence in the construction of its railway contributed to and concurred with natural conditions to cause his injuries, which, being true, appellee would be liable as matter of law. The difficulty is that the very facts stated in the proposition were in dispute. Being in dispute and the fact in issue having been decided against appellant, the rule invoked is without application. The trial court on the issue we are discussing correctly charged the jury that even though appellant's lands during the rainy season were subject to overflow, still if appellee so constructed its embankments, sluices, and culverts as to throw a greater amount of water upon appellant's land than before such construction and such additional water in concurrence with the natural flow proximately caused or contributed to cause any part of appellant's damage, to find for appellant. The verdict, however, was for appellee, which necessarily involved the finding that the construction of the embankment, sluices, and culverts did not throw any additional water upon appellant's lands, or, if it did, that the damage resulted from natural causes, and not from any concurring negligence on the part of appellee.

Nor do we think as further urged that appellee proximately contributed to create a private nuisance upon appellant's land for which appellee was liable for nominal damages, even though all actual damages resulted from natural causes. The verdict for appellee precludes such a holding as matter of law, since their findings in substance were, as we have said, that appellee's embankment, sluices, and culverts had been properly constructed, or that appellant's damages resulted from natural causes, neither of which would support the conclusion in law that appellee created a nuisance, since whether it did or not is, under the evidence in this case, at least an issue of fact.

Under the second assignment of error it is contended that the verdict of the jury is so contrary to the great preponderance of the evidence and to justice and right as to shock the conscience of a court of justice, and ought for that reason to be vacated and set aside. This assignment we also conclude should be overruled. While we have not attempted to state in detail the facts fairly deducible from the evidence tendered by both sides, since to do so would serve no useful purpose, we have nevertheless carefully considered the evidence and conclude that it will not authorize a holding on our part that it conclusively preponderates one way or the

other. The most that can be said is that it is in conflict on the material issues.

[2] The third assignment complains of the following special charge given at the request of appellee:

"Even though you find and believe from the evidence that the construction and maintenance of defendant's railway embankments and culverts, or any of them, diverted the natural flow either of surface waters or of Mountain creek and caused the same to flow over plaintiff's lands or other property, but you also find from the evidence that the natural conditions of surface waters and the waters of Mountain creek in flood time would have caused plaintiff the same injuries which he did sustain, even if defendant's railway embankments and culverts had not been constructed and maintained as claimed, you are instructed that defendant would not be liable for plaintiff's alleged damages, and you will accordingly return a verdict in favor of defendant."

[3] The special charge was requested under authority of the well-settled rule that the defendant is entitled to have presented to the jury any specified group of facts developed at trial, which, if true, would in law establish a given defense, provided the defense so presented is not substantially covered by the main charge. St. Louis, S. F. & T. Ry. Co. v. Overturf, 163 S. W. 639, and cases cited. The facts grouped in the quoted charge do find support in the evidence. Hence no unsupported fact was grouped. There was evidence adduced by appellant, which would have supported a finding that the embankment was negligently constructed, and that by reason of such negligent construction the natural flow of the surface waters and those of Mountain creek were diverted and caused to flow over appellant's land. There was also evidence that appellant's injuries were sustained during "flood" time and would have resulted during said time without reference to the manner of constructing appellee's embankment. The question then arises, Is the charge erroneous as matter of law? Appellant contends it is. One of the reasons assigned is in substance that appellant having adduced testimony tending to show that appellee had constructed its railway in violation of the statutes, thereby proximately contributing to cause the surface and creek waters during "flood" time to be thrown upon appellant's land, appellant was entitled to recover nominal damages, even though the jury may have believed he would at the time have suffered the same injuries as the result of natural conditions. We do not believe the contention correct, viewed from the evidence and the verdict of the jury. The verdict was a general one. The jury may have concluded that the appellee's embankment was as matter of fact constructed in compliance with the provisions of the statutes and did not impair the usefulness of Mountain creek, nor obstruct the flow of the waters thereof, as the charge of the court permitted them to do. Such finding is not without support in the evidence. On the other hand, if the jury believed that the construction of the embankment did divert the creek and surface waters upon appellant's land, but that his injuries were due to the fact that his lands were "overflow" lands, it would not in our opinion follow that appellant was entitled as matter of law to nominal damages. The first impediment to such conclusion is that the verdict was a general one, and we cannot say that the jury believed that the water was in fact diverted as claimed. The stronger reason, however, is that the present case, in our opinion, is unlike that class of cases relied upon by appellant and of which Champion v. Vincent, 20 Tex. 815, is typical, which hold that the plaintiff, in cases of libel, slander, or trespass vi et armis is entitled to nominal damages, even though he fails to show actual damages. Most, if not all, of such cases announce the rule that the failure to prove actual damages in such cases will not preclude the right to nominal damages when trespass is shown. In the present case, however, no right to any damage arises save upon a showing of actual damages. The building of the embankment was lawful and could not be said to be a trespass in the light of the rule stated. The most that can be said is that appellee did a lawful thing in a negligent manner. For such negligence the penalty is, we are persuaded, the payment of such actual damages as proximately flow therefrom.

[4-6] It is next urged, in substance, that the charge is erroneous for the reason that by directing the jury to return a verdict for appellee in the event they believed appellant would have suffered the injury he did suffer from natural causes, though the embankment did divert the water upon his land, the court ignored and excluded from consideration of the jury appellee's negligence in constructing and maintaining the embankment. The effect of the charge was to direct the jury to find for appellee, even though negligent, if that negligence did not proximately contribute to or was not the efficient cause of appellant's injury. Such rule, we think, is a familiar and well settled one. For if appellee's negligence was not the proximate cause of appellant's injury appellee was not liable in damages therefor, and it was the trial court's duty to present that specific issue when requested so to do. Even though a plaintiff in a suit for damages is guilty of negligence, that fact will not preclude a recovery if the jury believe from all the facts that such negligence did not proximately contribute to his injuries, but was the result alone of the negligence of the defendant. It is true that in the present case it was not attempted to be shown that appellant's damage was caused by his negligence. The claim was that it

was the result of another agency, in short of natural conditions. But still we are unable to see that the dissimilarity in agencies is controlling, or changes the rule, since the issue always is, Are the damages sued for proximately the result of the negligence of the party against whom recovery is sought? As said in a recent case:

"If each party to the suit was guilty of negligence, then it became a question for the jury to determine, the trial being had before a jury, whose negligence proximately caused the injury." Wells Fargo & Co. v. Benjamin, 179 S. W. (Sup.) 513.

It seems to us that it is in like manner also a question for the jury when the evidence raises the issue of two contributing agencies, and that the issue is unchanged because neither of the contributing agencies happens to be the plaintiff. We think such conclusion inevitably true in the light of the further rule that one can only be held liable in damages for his own or contributing negligence.

For the reason stated, we believe it to be our duty to affirm the judgment of the trial court.

---

⚙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes