## OWENS v. NAVARRO COUNTY LEVEE IMPROVEMENT DIST. NO. 8 et al. (No. 142.)

(Court of Civil Appeals of Texas. Waco. Jan. 29, 1925. Rehearing Denied March 11, 1926.)

**1. Trial ⬥215—Instructions should not amount to general charge when cause is submitted on special issues, but explanations should be given in connection with special issues (Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a).**

When cause is submitted on special issues, trial court should not frame its instructions so as to amount to general charge, but, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, trial court should give such explanations and definitions in connection with special issues that jury may intelligently pass on issue submitted.

**2. Eminent domain ⬥303—Improvement district is not liable for damages caused by floods independent of levee constructed by it.**

Improvement district is not liable for damages that would have been occasioned by floods independent of levee constructed by it, and, in absence of additional damages by construction of levee, adjoining property owner cannot recover for overflow of water on land.

**3. Trial ⬥232(2), 352(1).**

Special issues and instructions should be so framed as to leave jury free to determine their verdict from testimony.

**4. Trial ⬥215—Special instruction to answer all questions against plaintiff, unless certain facts are found, amounts to general charge.**

Special instruction that, unless jury finds certain facts to exist, they should answer questions embracing all issues in case against plaintiff amounts to a general charge.

**5. Trial ⬥215—In view of special issue statute, general instructions are erroneous, when cause is submitted on special issues.**

Purpose of special issue statute is to permit jury to pass on facts and let court apply law, and general instructions are erroneous when cause is submitted on special issues.

**6. Eminent domain ⬥303 — Damages from overflow are limited to those resulting from construction of levee as distinguished from general overflow.**

Damages from overflow on land are limited to damage resulting from construction of levee as distinguished from damage caused by overflow, regardless of levee.

**7. Trial ⬥244(2)—Instructions, in case submitted on special issues, repeatedly emphasizing that burden of proof is on plaintiff, held erroneous.**

In case submitted on special issues, charge that burden of proof is on plaintiff to prove right to damages by preponderance of evidence, together with explanatory instructions requiring jury to believe by preponderance of evidence all elements of plaintiff's case to grant him recovery, were erroneous as unduly emphasizing that burden of proof was on plaintiff.

**8. Eminent domain ⬥303—Damages for permanent injury to land from flooding held properly limited to difference in market value immediately before and after construction of levee.**

Where plaintiff claimed permanent injury to lands from flooding by reason of construction of levee, damages were properly limited to difference in reasonable market value of land immediately before and immediately after construction of levee.

**9. Evidence ⬥543½—Witness held qualified to testify as to effect of levee on market value of lands injured by flooding, where familiar with land for long number of years.**

Witness *held* qualified to testify as to effect of levee on market value of lands injured by flooding, where he was familiar with land for long number of years and with flood waters in particular territory.

**10. Evidence ⬥271(19)—Letter by plaintiff to manager of levee district regarding damages claimed to have been caused by levee held properly excluded as self-serving declaration.**

Letter written to manager of levee district by plaintiff with reference to damages claimed to have been occasioned by construction of levee was properly excluded as an ex parte statement containing self-serving declarations.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by B. W. Owens against the Navarro County Levee Improvement District No. 8 and others. From a judgment for plaintiff for part of sum claimed, he appeals. Reversed and remanded.

Certified questions answered in 280 S. W. 532.

Smith & Smith, of Fort Worth, and Richard Mays, of Corsicana, for appellant.

Callicutt & Johnson, of Corsicana, and Sharp, Tirey & Gray, of Ennis, for appellees.

BARCUS, J. Appellant brought this suit for damages which he claimed were occasioned by appellees' constructing a levee on Chambers and Richland creeks in Navarro county. The cause was tried to a jury, and resulted in a verdict for appellant for $735. From this appellant appealed.

Appellant owned about 1,100 acres of land in one tract, a part of which lies contiguous to the levee constructed by appellees, and appellant claimed that, by reason of the change made in Richland and Chambers creeks by the building of the levee, it caused water to flow over his land; that by reason thereof 350 acres of his land had been rendered useless, and the rental value of the rest of his land had been damaged $5 per acre per annum, and the value of the land decreased $20 per acre; that the building of the levee had caused him to lose his grass on his pasture for 1921; and that he had lost part of his

cotton crop for the year 1921, and also lost his cotton and grass crops for the year 1922.

The cause was submitted on special issues. The first two issues asked the jury to determine the amount and value of appellant's land actually taken by the levee district, which the jury answered was .6 of an acre, valued at $25. In response to questions 3, 4, 5, and 6, the jury found that 35 acres of the cultivated land had been damaged to the extent of $20 per acre. In answer to questions 7, 8, and 9, the jury found that none of appellant's uncultivated land had been damaged. In answer to questions 10, 11, and 12, they found that none of appellant's land had failed to produce a crop in 1921 and 1922 as a result of the construction of the levee, and in answer to questions 13, 14, and 15, they found that none of the grass on appellant's land had been destroyed for the years 1921 and 1922.

At the request of appellee, the court gave the jury the following special instruction:

"If you believe from the evidence that defendant's act in cutting said channel or placing said spoil bank or constructing said levee was a source of injury or damage to plaintiff's land or crops or grass, but also believe from the evidence that plaintiff's crops or grass or land would have been damaged independent of any effect of the cutting of said channel or the placing of said spoil bank, or the construction of said levee, and if you cannot distinguish between the damage caused plaintiff by the general overflow and the damage caused by water, if any, cast upon plaintiff's crops, pasture, or grass or lands by reason of cutting said channel, or placing said spoil bank or constructing said levee, you must find for defendant on these issues, and, if you so believe, you will answer questions Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 against said plaintiff, and the burden is upon plaintiff to show by a preponderance of evidence that his crops, grass, or lands were damaged by reason of the cutting of said channel, the placing of said spoil bank or the construction of said levee."

Appellant objected to the submission of the above special instruction because: (1) It does not state the law applicable to the facts; (2) it is confusing when applied to the several questions submitted to the jury; (3) it unduly emphasizes that the burden of proof is upon plaintiff to show by preponderance of the evidence his right to recover; (4) because said special charge amounts to a general instruction upon the case, whereas the court had submitted the case upon special issues.

The evidence in this case shows that appellant's land had been subject to overflow for a long number of years prior to the construction of the levee, and there was evidence tending to show that the overflow water had been higher before the levee was built, and also evidence tending to show that the high water in 1922, which appellant claims did the greatest amount of damage, was higher than it had ever been in the history of the country, and evidence tending to show that all the damage to appellant's land that was done would have been done, regardless of the fact that the levee had been constructed.

Article 1984a of Vernon's Sayles' Ann. Civ. St. 1914 provides:

"In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

[1, 2] When a cause is submitted on special issues, it is not proper for the trial court to so frame its instructions to the jury that same will amount to a general charge. Anderson & Co. v. Reich (Tex. Com. App.) 260 S. W. 162; T. & N. O. R. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; Worden v. Kroeger (Tex. Com. App.) 219 S. W. 1094. The trial court, however, should give such explanations and · definitions in connection with the special issues submitted that the jury may intelligently pass on the issues submitted. J. M. Guffey Petroleum Co. v. Dinwiddie (Tex. Civ. App.) 182 S. W. 444; T. & Ft. S. Ry. Co. v. Casey (Tex. Civ. App.) 172 S. W. 729. Appellee is not liable for the damages that would have been occasioned by the floods independent of and regardless of the construction of the levee in controversy, and, if there were no additional damages occasioned by the construction of the levee, appellant should not recover. S. A. & A. P. Ry. Co. v. Kiersey, 86 S. W. 744, 98 Tex. 590; I. & G. N. Ry. Co. v. Walker (Tex. Civ. App.) 97 S. W. 1081; I. & G. N. Ry. Co. v. Fickey, 125 S. W. 327, 59 Tex. Civ. App. 133.

[3-6] The trial court should so frame the special issues submitted and its instructions and explanations to the jury that the jury may be left free and untrammelled to determine from the testimony what verdict they will return. Special instruction No. 3, above complained of, in our opinion, amounts to a general charge, in that the jury are instructed that, unless they find certain facts to exist, they shall answer all of the questions in the negative. The only questions submitted to the jury with reference to the damages suffered by appellant occasioned by the construction of the levee were embraced in the issues from 3 to 15, except the value of the land actually taken by the levee district, and with the special instruction given all of the special issues could have been withdrawn, and the one general charge given· as embraced in the special instruction, and the same results have been accomplished. The purpose of the special issue statute is to permit the jury to pass on the facts and let the court apply the law, and general instructions are erroneous when the cause is submitted on special issues. City of Sweetwater v. Biard Development Co. (Tex. Civ. App.) 203

S. W. 801; Moore v. Coleman (Tex. Civ. App.) 195 S. W. 212; Pacific Express Co. v. Rudman (Tex. Civ. App.) 145 S. W. 268. The trial court should instruct the jury that, in the event they find plaintiff has suffered damage by reason of the construction of the levee improvements, in determining the amount thereof they can take into consideration such damage only as plaintiff is shown by the evidence to have suffered by reason of such construction, as distinguished from the damage, if any, he would have suffered as a result of the overflow, regardless of, and independent of, the construction of said improvements, or the trial court should so frame the special issues submitted that plaintiff will be so limited in his recovery. Scott v. Northern Traction Co. (Tex. Civ. App.) 190 S. W. 209; Baker v. Beatty (Tex. Civ. App.) 235 S. W. 971; Fugitt v. Farrell (Tex. Civ. App.) 250 S. W. 1108; G. C. & S. F. Ry. Co. v. Baker (Tex. Civ. App.) 218 S. W. 7; Jenkins v. Pennsylvania Ry. Co., 51 A. 704, 67 N. J. Law, 331, 57 L. R. A. 309; Mark v. Hudson River Bridge Co., 8 N. E. 243, 103 N. Y. 28.

[7] Appellant contends that the court's charge with its explanatory instructions unduly and unlawfully emphasizes that the burden of proof is upon appellant to prove facts entitling him to recover. The trial court in this cause, after having submitted the various questions, instructed the jury that "the burden of proof is on plaintiff, B. W. Owens, to prove his case and right to recover damages by a preponderance of the evidence, and in determining this you will take into consideration all the evidence introduced before you." The court, in his instructions with reference to the jury answering question No. 3 as to whether any of the land was damaged, instructed the jury that, if they believed from a preponderance of the evidence that the land was damaged, to answer the question "Yes," and, unless they believed from a preponderance of the evidence that the construction of the levee caused the damage, to answer the question "No." In his instructions with reference to answering questions 10 to 15 the court instructed the jury that they must believe from a preponderance of the evidence that plaintiff's failure to make a crop on the land, or the destruction of the grass, was caused by the construction of the levee, and instructed them that, unless they believed from a preponderance of the evidence that the construction caused the damage, they would answer said question "No," and in the special instruction No. 3 above quoted the court instructed the jury that the burden was upon plaintiff to show by a preponderance of the evidence that his damages were occasioned by the construction of the levy. Appellant objected to the court's charge and explanatory instructions as unduly emphasizing the point that the burden of proof was upon appellant, which the court overruled, and appellant assigns error. We sustain the assignment. Dallas Waste Mills v. Texas Cake & Linter Co. (Tex. Com. App.) 228 S. W. 118; Dye v. Chicago & R. I. Ry. Co., 127 S. W. 893, 59 Tex. Civ. App. 614; State v. Haley (Tex. Civ. App.) 142 S. W. 1003; Cook v. Urban (Tex. Civ. App.) 167 S. W. 251.

[8] Appellant contends that the trial court committed error in limiting his damages with reference to the injuries to the land to the difference in the reasonable market value of the same immediately before and immediately after the completion of the construction of the levee. We overruled this assignment. Appellant in his petition claimed that his land had been permanently injured by reason of the construction of the levee. Where permanent damages are claimed, the true measure of damage to which the owner of the property is entitled is the difference in the value of the land immediately before and immediately after the injury complained of. Fort Worth & D. C. Ry. Co. v. Speer (Tex. Civ. App.) 212 S. W. 762; M., K. & T. Ry. Co. v. Green, 99 S. W. 573, 44 Tex. Civ. App. 247; Texas Central Ry. Co. v. Brown, 86 S. W. 659, 38 Tex. Civ. App. 610; Southern Traction Co. v. Fears (Tex. Civ. App.) 199 S. W. 856 (writ refused).

[9] Appellant assigns error on the trial court's action in permitting the witness Garrett, Daniels, McCluney, and others to testify in substance that in their opinion the digging of the channel would help appellant's land if it did not throw water over it, and that as a result of the digging of the ditch it had increased the market value of appellant's land, and that the new channel would carry twice the water that the old channel carried, and that appellant's land was drier than before the construction of the levee; appellant's objection to said testimony being that said witnesses were not shown to be experts, and were not shown to have such knowledge of flood conditions upon appellant's land prior to the levee as would qualify them to testify. Each of said witnesses testified that they had been familiar with the land for a long number of years and with flood waters in that territory, and gave all the facts on which they based their opinions and statements, and the trial court, in approving the bills of exceptions, stated that in his opinion each of said witnesses had sufficiently qualified to entitle him to give his opinion in connection with the facts on which he based his testimony. We overruled this assignment. I. & G. N. Ry. Co. v. Klaus, 64 Tex. 293; G., C. & S. F. Ry. Co. v. Locker, 14 S. W. 611, 78 Tex. 279; G., C. & S. F. Ry. Co. v. Dunman, 19 S. W. 1073, 85 Tex. 176; Johnson v. S. A. & A. P. Ry. Co. (Tex. Civ. App.) 220 S. W. 388; Southwestern Portland Cement Co. v. Kezer (Tex. Civ. App.) 174 S. W. 661 (writ denied).

[10] Appellant offered in evidence a letter

which he had written to Gibson, the manager of the levee district, with reference to the damages which he claimed had been occasioned by the construction of the levy, which was excluded by the court on objection urged by appellee. We do not think there was any error in the trial court's excluding said letter. It was an ex parte statement, made by appellant, and contained self-serving declarations. The witness was present and testified in court to all facts with reference to the damage he claimed he had suffered by reason of the construction of the levee.

For the errors herein indicated, the judgment of the trial court is reversed and the cause remanded.